# BENJAMIN BURROUGHS

*v.*

# THOMAS CLANCEY.

1. PLEADING—*traversing the several breaches assigned in an action of covenant.* Each assignment of breach in an action of covenant is regarded as a separate declaration, and may be severally traversed. The plea being as broad as the declaration, and responsive to it, is not demurrable.

2. SAME—*in covenant on a lease, brought by the lessor.* In an action of covenant on a lease brought by the lessor, among other breaches, it was alleged there was due and unpaid a certain sum as rent for a specified portion of the term, and that after the lessee had entered, the premises became greatly ruinous, the windows broken and destroyed, the locks and plastering torn off and the premises greatly injured. The defendant traversed these two breaches as follows: First, there was no rent due and unpaid at the time, &c., concluding to the country: Second, that the premises did not become ruinous, &c., concluding to the country: *Held,* that the traverses were good, each breach being separately traversable.

3. COMPROMISE—*acceptance necessary.* In the same action, the defendant pleaded to the whole declaration, setting up that the parties, having divers disputes concerning the subject matter of the suit, as a compromise and settlement thereof, before suit brought, agreed the lease should be surrendered and annulled, and the same was surrendered and canceled, and the possession given to the plaintiff: *Held,* the plea was bad, because it did not aver the plaintiff accepted the possession.

4. RECOUPMENT—*when allowable—whether damages are remote.* A claim originating in contract may be set off against one founded in tort, if the counter claims arise out of the same subject matter on which the suit on the contract is brought, and are susceptible of adjustment in one action.

5. So, in an action of covenant on a lease, brought by the lessor, alleging divers breaches, the defendant pleaded that the premises were leased for hotel purposes; and to induce defendant to take them, the plaintiff falsely represented there was good and sufficient drainage under the ground to carry off the slops and waste water from the premises, and that the premises were in good, wholesome condition; that, relying on these representations, defendant, at great expense, moved into the premises, and had many guests, but, by reason of inadequate drainage, the premises became in such bad odor and condition, that his guests left the hotel, and he had sustained damage to the extent of $1000, which he offered to set off, &c.: *Held,*

the damages thus claimed were not remote, and could be recouped in the action, as they arose out of the transaction.

6. PLEA OF RESCISSION *of a lease—as to time of rescission.* In the same action, a plea alleging that the lessee rescinded the contract when he discovered the falsity of the lessor's representations in regard to the premises, and returned the latter to the possession, which he accepted, was bad, because it did not allege at what time the defendant rescinded, *non constat,* but the defendant occupied the premises until near the end of the term, and should pay the rent. which had accrued and was sued for, notwithstanding the rescission.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

The opinion states the case.

Mr. W. K. MCALLISTER, for the appellant.

Messrs. NICHOLES & MORRISON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant, in the Superior Court of Chicago, on a lease, containing the usual stipulations. The breaches assigned were, first, that one hundred and sixty dollars sixty-six cents of the rent were due and unpaid for the months of January, February, March and April of the first year of the term; that after defendant had entered into the possession of the premises, they became greatly ruinous, the windows broken and destroyed, the locks and plastering torn off, and the premises greatly injured; that defendant received and entered upon the premises in good order and condition, and did not, and would not, yield them up in like good condition, but yielded them up at the end of the term in a damaged condition; that there was levied on the premises a large water rent, twenty dollars whereof became due and payable on the first of November, 1864, and the further sum of twenty dollars

thereof on the first of May, 1865, from which the defendant did not keep plaintiff harmless; · that plaintiff had been put to great expense in employing attorneys to enforce the payment of the rent reserved in the lease; that the plaintiff had been put to additional expense of fifty dollars in employing attorneys to procure the possession of the premises and in enforcing the other covenants of the lease; and last, that plaintiff had paid a large amount of water rent and for repairs of hydrants, supply and waste pipes and sewers on the premises, which were ordered by the Board of Public Works, namely: two hundred dollars, and that the defendant would not pay the same, as additional rent, or any part thereof.

The first two assignments were traversed by the defendant, as follows: As to the first, that there was no rent due and unpaid at the time, &c., concluding to the country. To the second, that the premises did not become ruinous, &c., concluding to the country. A demurrer was sustained to these traverses. A plea was then filed to the whole declaration, denying the entry of plaintiff for non-payment of rent, and averring that after making the indenture, they having divers disputes between them about the premises, then and there, as a compromise and settlement thereof, and before the commencement of the suit, mutually agreed that the indenture should be surrendered, given up and annulled, and the same was surrendered and canceled, and the possession of the premises given to plaintiff, concluding with a verification.

A third plea was filed to the whole declaration, setting out· in substance, that the premises were leased for hotel purposes, and to induce defendant to take them plaintiff falsely and fraudulently represented them to be in good order and condition, with good drainage to them, by means of a brick drain under the house, well built and well covered up, sufficient to carry off the slops and all waste water, and that the premises were in a good, wholesome condition, averring that the representations were false, and that plaintiff knew them to be so when he made them, and was thereby induced to take the

premises, and at great trouble and expense moved into the house for the purpose of keeping a hotel therein, averring he had many guests, and would have done a profitable business, but, as there were no drains, and as the house could not be used without them, the premises became in such bad order and condition that his guests all quit, and he thereby deprived of great gains, &c. ; averring the premises were worth less in the condition in which they really were than if they had been as represented, by one thousand dollars, and that he has sustained damage to that amount, which he offers to set off against the damages claimed by the plaintiff.

The defendant also filed a fourth plea to the whole declaration, repeating the representations about the drains, and averring that on discovering the falsity of plaintiff's representations in that regard, he rescinded the indenture and restored the plaintiff to the possession of the premises, which he accepted under such rescission and surrender, and before the commencement of the suit, concluding with a verification.

To these pleas, a demurrer assigning special causes was also sustained, and upon these the questions arise. The defendant abided by the demurrer. A jury was called to inquire of damages, and a verdict was returned in favor of the plaintiff, of four hundred dollars, for which the court rendered judgment.

The first question is, were the general traverses to the first and second assignments of breaches, good ? Of this we think there can be no doubt. Each assignment of breach in an action of covenant is regarded as a separate declaration, and it is well settled, if the plea is as broad as the declaration and is responsive to it, it is not demurrable. The first traversed the fact of indebtedness, in manner and form ; the second, that the premises had not become ruinous, in manner and form, &c., concluding to the country. The *similiter* being added, makes an issue on these facts, one that is material and triable. Stephen on Pl. 189.

Considering the assignments of these breaches as declarations, these traverses met the allegations contained in them, and were proper, and if found for the defendant would determine the case made by the assignment. It is a complete answer to the assignment of the breach. A question of fact was at once raised by these traverses, that is, whether the facts stated in the assignment which the traverse denies, were true. A specific fact being affirmed on one side and denied on the other and a reference to the country, an issue is properly made up. Stephen on Pl. 52.

As to the pleas to the whole declaration, the second, professing to be a plea of compromise, was bad, for the reason that it nowhere avers the plaintiff accepted the possession.

The third plea is substantially a plea of recoupment.

Appellee insists this plea is bad as a plea of recoupment, for the reason that the damages claimed are too remote and uncertain, and that all the defendant could rightfully claim would be the difference between the value of the rental for the premises as they really were, and what they were represented to be. And further, that the plea does not show that the defects complained of were not equally open to the observation of both parties, or might be so by the use of diligence.

In this case it was impossible for defendant to see with his own eyes whether there was a sufficient drain *under* the building as represented, and he could do no less or more than to rely on the plaintiff's representations in that respect.

The damages so claimed are not remote, for they arise out of the transaction itself. *Adlard* v. *Muldoon*, 45 Ill. 193. *Streeter* v. *Streeter*, 43 ib. 156, where it was said, a claim originating in contract might be set off against one founded in tort, if the counter claims arise out of the same subject matter on which the suit on the contract is brought and are susceptible of adjustment in one action; that the doctrine of recoupment tends to promote justice, prevent litigation, avoid circuity of action and multiplicity of suits, by adjusting in one action adverse claims growing out of the same subject matter.

If the view of appellee was the proper one, and pursued, it would have no other effect than allowing a recoupment.

The fourth plea, averring a rescission of the contract, is bad, as it does not aver at what time he offered to rescind, *non constat*, by that plea, but that defendant occupied the premises until the term had nearly expired, and if appellee did accept the rescission, it does not follow the rent due was relinquished.

It was error to sustain the demurrer to the traverses, and to the third plea to the whole declaration, and for that error the judgment must be reversed. The cause is remanded with leave to plaintiff below to join issue on the traverses, and to the third plea to the declaration, and defendant has leave to amend his second and fourth pleas to the whole narr.

*Judgment reversed.*