## CHICAGO LEGAL NEWS COMPANY.
### v.
## THOMAS R. BROWNE ET AL.

1. RECOUPMENT—DAMAGES FOR VIOLATION OF LEASE.—If a plaintiff sue on one part of a contract as to which there are mutual stipulations made at the same time, and relating to the same subject-matter, the defendant may recoup his damages arising from the breach of another part; and this is so, whether the different parts be contained in one instrument or several, or where one part is in writing and the other verbal or whether the damages are liquidated or not. So, in an action by the lessor for rent, the lessee may recoup damages arising from the leasing of contiguous parts of the premises for the sale of liquor, contrary to agreement.

2. DAMAGES—EXEMPLARY.—The acts complained of by the defendant—the leasing of part of the premises and wrongful sale of liquors therein, whereby defendant's servants became intoxicated and his business injured—are to be regared by the jury, not only as wrongful but maliciously done, and in such cases, exemplary or punitive damages may be recovered.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed March 2, 1880.

This was assumpsit by Davison, as lessor, against the Chicago Legal News Company, as lessees, to recover rent claimed to be due upon two certain demises, known as Nos. 151 to 153 Fifth avenue, in the city of Chicago. The first lease was made December 1, 1874, of the main floor of said numbers, to hold until May 1, 1878, for the rental of $7,475, payable in monthly installments. The other lease was made May 1, 1877, and of the basements of the same numbers, to hold from that time until May 1, 1878, at the rent of five hundred dollars, payable in a specified manner. The declaration also contained the common counts for use and occupation of same premises. The defendent pleaded the general issue and two special pleas, which are substantially alike. The second special plea avers that before and at the time of the making of the demises the defendant's business was that of printing books, newspapers, etc., and its business necessarily required, and it employed large numbers

Chicago Legal News Co. v. Browne.

of men skilled in said business; that before and at the time of making said demises, Nos. 147 and 149 Fifth avenue and situate near to the premises demised to defendant, were vacant and unoccupied, and of which the plaintiff, defendant's lessor, claimed to be the owner, and that he then and there faithfully promised the defendant that he, the said plaintiff, would not permit said vacant premises to be occupied for the purpose of selling intoxicating liquors. Avers that plaintiff afterwards leased the said then vacant premises, located near those demised to defendant, for the purpose of the sale at retail of intoxicating liquors, in quantities less than one gallon; that plaintiff then and there well knew that such intoxicating liquors were to be sold there as aforesaid; that he hath willfully, wickedly, and knowingly permitted the sale of such intoxicating liquors in and upon said premises situated near the premises demised by him to defendant, well knowing that divers employes of defendant did resort to said place and become intoxicated, and unfit to perform their duties to defendant. Avers, that in consequence of the premises defendant's servants and employes obtained intoxicating liquor at said place where it was so sold, became thereby intoxicated and unable to perform their work, and by reason thereof defendant's business was injured, materials were destroyed, and defendant thereby sustained great pecuniary loss and suffered great annoyance, which damages defendant offered to recoup in this action.

The plaintiff obtaining leave to reply, double filed six replications :

1. That defendant has not been injured in its property in consequence of said supposed intoxication of any person employed by defendant in manner and form, etc.

2. That said several persons did not, nor did any of them, become intoxicated in said place in the pleas mentioned.

3. That defendant has not, since May, 1877, been deprived of the services or skill of any servant on account of intoxication, or been prevented from completing any undertaking, or been injured in its business by reason of any such alleged unskillful or unworkmanlike manner in which such employes performed their work.

4. That said employes did not, nor did any of them, obtain or purchase liquor at said place.

5. The same as third.

6. The same as second.

On the trial before the court and a jury, the plaintiff introduced the leases in evidence, proved the amount due and rested.

The defendant gave evidence tending to prove the promise of plaintiff, before and at the time of the demise to defendant, that he would not permit intoxicating liquors to be sold in said Nos. 147 and 149 Fifth avenue. That liquor was in fact retailed therein. Evidence was given tending to show that the employes of defendant, engaged in said printing business, frequently became intoxicated, spoiled and delayed work in consequence, and that they got their liquor on said premises, and that defendant's business was greatly interrupted, resulting in damage and annoyance. The court, on behalf of plaintiff, instructed the jury as follows :

"1. The court instructs the jury that, in order to allow defendant any set-off or recoupment against the plaintiff's claim, they must be satisfied from the evidence :

"*First.* That the lessor, Edmund L. Davison, leased the room occupied as a saloon by Everts."

"*Second.* That persons employed by defendant, while so employed by it, became intoxicated in whole or in part by reason of liquors obtained in Evert's saloon, and by reason of such intoxication so produced, caused damage or injury to defendant's property."

"Before any set-off or recoupment can be allowed, defendant must prove actual damage or injury to its property, in the manner above stated."

"2. In considering the amount of any set-off or recoupment which the jury, under the above instructions, may, from the evidence, allow the defendant, if the jury allow any at all, the jury must take into consideration all the facts and circumstances of the case."

"Exemplary damages are damages beyond actual damages given by way of example, or as a warning to deter others, and not by way of punishment."

Chicago Legal News Co. v. Browne.

"In considering the question the one of allowing exemplary damages, it is the duty of the jury to carefully consider and weigh all of the facts and circumstances detailed in the evidence; and to give, or refuse to give exemplary damages, as they find or fail to find in the evidence, acts of bad faith or wrong doing."

" 3.   In considering the question of actual damages, if any are shown by the evidence, the jury cannot guess at the amount, or infer the extent thereof, but must act on the evidence in the case which convinces them not only that damage was sustained by the defendant in the manner specified in other instructions of the court, but of the amount or extent of that damage, so that the jury can estimate the same definitely in dollars and cents."

The jury found for plaintiff, and assessed his damages at $1,773.46.   The court overruling defendant's motion for new trial, gave judgment on the verdict, and the defendant brings the case to this court by appeal.

Mr. F. H. KALES, for appellant.

Mr. J. E. MONROE and Mr. GWYNN GARNETT, for appellee; as to the right to substitute the assignee of the bankrupt as a party, cited Ames v. Gilman, 10 Met. 239; Day v. Laflin, 6 Met. 280; Connor v. Wellford, 22 Gratt. 195; Lacy v. Rockett, 11 Ala. 1002; Brooks v. Harris, 12 Ala. 555; Southerland v. Davis, 42 Ind. 26; Bailey v. Smith, 10 R. I. 26; Boone v. Stone, 3 Gilm. 540; Rogers v. Stevenson, 16 Minn. 68; Buck v. Winters, 28 Ark. 6; Herndon v. Howard, 9 Wall. 664; Lantzinger v. Ribble, 36 Md. 32: Holbrook v. Correy, 25 Ill. 543; Joy v. Bedell, 25 Ill. 537; Holbrook v. Brenner, 31 Ill. 501; Heath v. Hyde, 87 Ill. 91.

The order substituting the assignee will be presumed to have been made upon sufficient evidence: Earl v. The People, 73 Ill. 330; Reedy v. The People, 84 Ill. 569.

Where the plaintiff sues in a representative capacity, objection to his right to sue should be raised by plea in abatement: Ballance v. Frisby, 2 Scam. 63; Lowe v. Bowman, 5 Blackf.

410; Brown v. Nourse, 55 Me. 230; Thynne v. Protheron, 2 Maule & S. 553; Collins v. Ayres, 13 Ill. 358.

Against the right to set-off or recoup unliquidated damages arising out of torts disconnected with plaintiff's claim: Hawks v. Lands, 3 Gilm. 227; Deforrest v. Order, 42 Ill. 500; Robeson v. Hibbs, 48 Ill. 408; Hubbard v. Rogers, 64 Ill. 434; Evans v. Hughey, 76 Ill. 115; Waterman v. Clark, 76 Ill. 428.

Defendant is not entitled to recover exemplary damages: Miller v. Kirby, 74 Ill. 243; Cutter v. Smith, 57 Ill. 256; Lawrence v. Hageman, 56 Ill. 69; Stillwell v. Barnett, 60 Ill. 210; Brantigan v. White, 73 Ill. 564; Killunan v. Arnold, 71 Ill. 632; Meidel v. Anthis, 71 Ill. 241; Bates v. Davis, 76 Ill. 222.

McALLISTER, J.—The matters set up in the special pleas are to be regarded as the basis of recoupment of damages, and is in the nature of a cross-action, the damages to be applied by way of extinguishing or reducing the plaintiff's demand. The rule is well settled in this State and in many others, that if the demands of both parties arise out of the same contract or transaction, the defendant is allowed to recoup, although the damages on both sides may be unliquidated. If the plaintiff sue on one part of a contract as to which there are mutual stipulations made at the same time, and relating to the same subject-matter, the defendant may recoup his damages arising from the breach of another part; and this is so whether the different parts be contained in one instrument or several, or where one part is in writing and the other verbal, or whether the damages are liquidated or not. Batterman v. Pierce, 3 Hill 171; Ives v. VanEpps v. Harrison, 5 Hill 63; Barber v. Rose, Ib. 76; Whitbeck v. Skinner, 7 Hill 53; Nichols v. Dusenbury, 2 N. Y. 283; Mayor v. Mabie, 13 N. Y. 151; Myers v. Burns, 35 N. Y. 269; Taylor's Landlord & Ten. Sec. 374.

In Streeter v. Streeter, 43 Ill. 155, it was held that damages for a tort might be recouped in an action upon contract if they relate to the same subject-matter as that to which the suit on the contract is brought. Burroughs v. Clancey, 53 Ill. 30, is to the same effect. Wright v. Lattin, 38 Ill. 293.

Appellee insists that the matter of the plea is immaterial, and the questions raised by appellant as to plaintiff's instructions should be disregarded. But the plaintiff, by taking issue upon portions of the plea has made them material. Streeter v. Streeter, *supra*, 160. But we think it a proper case for the application of the doctrine of recoupment.

The court instructed the jury for plaintiff, that in order to allow defendant any set-off or recoupment against the plaintiff's claim they must be satisfied from the evidence that the lessor, Edmund L. Davison, leased the room occupied as a saloon by Everts. This was erroneous. The second plea avers that Davison leased the premises known and numbered 147 and 149 Fifth avenue, near to the premises in the declaration mentioned, for the sale of intoxicating liquors, to be retailed in quantities less than one gallon. This averment is in no respect traversed by the replications. It is, therefore, admitted by the record; because it is a fundamental rule in pleading that a material fact asserted on one side and not denied on the other, is admitted. Simmons v. Jenkins, 76 Ill. 482, and cases there cited. The plea did not aver to whom he rented the said premises for that purpose, nor was it necessary that it should. The instruction improperly assumes that some room was occupied as a saloon, by Everts.

The court further instructed for plaintiff that, " In considering the question of allowing exemplary damages, it is the duty of the jury to carefully consider and weigh all of the facts and circumstances detailed in the evidence, and to give or refuse to give exemplary damages, as they find, or fail to find in the evidence, acts of bad faith or wrong-doing."

The plea avers that before and at the time of the demise from Davison to defendant, the former faithfully promised that he would not permit intoxicating liquors to be sold on the then vacant portions of said premises, of which he claimed to be the owner and to have the control. And it is further averred in the plea that he willfully, wickedly and knowingly permitted such liquors to be sold there. There is no traverse in and by the replications of either of these averments. Being material, they were consequently admitted on the record, as well as the

fact that he leased the premises for the purpose of the sale, by retail, of intoxicating liquors.

Substantially, the facts admitted of record were, the promise by the lessor that he would not permit the contiguous premises to be used for the sale of intoxicating liquors, made as an inducement to defendant's leasing the premises described in the declaration; then a breach of that promise by leasing the contiguous premises for the sale, at retail, of intoxicating liquors, and willfully, wickedly and knowingly, permitting them to be so used. If the defendant proved any actual injury to its business in consequence, it was entitled to punitive damages under the admitted facts, and the jury should have been so instructed. In the light of these admitted facts, the third instruction for plaintiff was erroneous, in telling the jury they "must act on the evidence, which convinces them not only that damage was sustained by defendant in the manner specified in other instructions of the court, but of the amount or extent of that damage, so that the jury can estimate the same definitely in dollars and cents."

The act complained of by defendant was, as the case stood, to be regarded by the jury not only as a wrongful but maliciously done. In such a case, the law is not so nice or exact in its solicitude for the wrong-doer, as to require the damages to be definitely shown in dollars and cents. "In regard to cases of deliberate or malicious wrong, we have already seen that the law applies very liberal relief. And in cases of reckless or malicious acts injurious to others, even where exemplary damages are not claimed, the party in the wrong is often made answerable for consequences very remote from the original act." Sedg. on Damages, 79.

In such a case as this, there would be some elements of damages which it would be impossible to prove definitely in dollars and cents. If it was one of the consequences that the defendant's enjoyment of the premises demised to it by the plaintiff was materially prejudiced, then part of the damages might be the difference between the value of the use of such demised premises during the continuance of the nuisance with or without the same; and aside from that, any special damage to

defendant's business as a natural consequence.   In a case even where there is no element of malice for maintaining a nuisance, the court said:   "But beyond the injury to the pecuniary value of the premises, are the injury and annoyance to the plaintiff while occupying them, and which cannot be gauged by any definite rule."   I. C. R. R. Co. v. Grabill, 50 Ill. 246.

For the errors in the instructions, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.