## Nelson T. Burroughs, Appellee v. William J. Selleck, Appellant.

### Gen. No. 18,436. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed March 11, 1914.

### Statement of the Case.

Action by Nelson T. Burroughs against William J. Selleck to recover the balance of purchase money claimed to be due on a contract under seal for the sale of certain real estate. The defendant filed a counter-claim for damages alleging that plaintiff's real estate agents made false and fraudulent representations to him as to the condition of the property. The court excluded all of defendant's evidence, directed a verdict and gave judgment for plaintiff in the sum of $5,266.66. From the judgment, defendant appeals.

CHARLES S. KNUDSON, for appellant.

UNDERWOOD & SMYSER, for appellee; CHARLES R. YOUNG, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. SEALS, § 6*—*defenses in action on sealed instrument.* In the absence of a statutory provision permitting such defenses, want of consideration and total failure of consideration or other such defenses, cannot be shown in an action at law for tne purpose of barring a suit on a sealed instrument. The Negotiable Instrument Act only makes such defenses applicable to negotiable instruments.

2. FRAUD, § 38*—*when sealed contract cannot be abrogated for fraud in action at law.* A contract under seal for the purchase of real estate cannot be rescinded or abrogated in an action at law for false and fraudulent representations by the vendor as to the quantity or quality of the property. Only fraud in the execution of a sealed instrument such as has induced the execution thereof of a character not intended to be executed may be pleaded and proved for the purpose of abrogating it and entirely defeating an action thereon without first resorting to a court of equity to have it declared void.

3. SET-OFF AND RECOUPMENT, § 18*—*when recoupment permitted in action on contract under seal.* In an action to recover a balance of purchase money due under a sealed contract for the sale of real estate, a defense in the nature of a counterclaim for damages resulting from false and fraudulent representations by the vendor as to the condition of the property is simply in mitigation of damages and not for the purpose of impairing the legal effect of the instrument sued on, and is permissible to entitle defendant to recover by way of recoupment.

4. SET-OFF AND RECOUPMENT, § 17*—*when claims may be recouped.* A claim originating in contract may by recoupment, in order to prevent circuity of action, be set up against one founded in tort, if the counterclaim arises out of the same subject-matter and is susceptible of adjustment in one action. So, also, may claims in contract or in tort be set up by recoupment against one founded in contract if the counterclaim arises out of the contract sued on, although the counterclaims are for unliquidated damages.

5. SET-OFF AND RECOUPMENT, § 4*—*set-off and recoupment distinguished.* Set-off may be allowed for liquidated damages arising

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

*ex contractu* even to the extent of permitting a judgment for the defendant for the excess of his claim over that of the plaintiff. In recoupment the claim is merely allowed by way of lessening the plaintiff's damages, which may go to the extent of extinguishing plaintiff's damages, but no judgment for any excess of the counterclaim over that of plaintiff's claim can be given for the defendant.

6. VENDOR AND PURCHASER, § 317*—*when direction of verdict for plaintiff in action for purchase money is error.* In an action to recover a balance due on a contract for the sale of real estate where defendant filed a counterclaim for damages resulting from false and fraudulent representations made by the plaintiff as to the condition of the property, action of court in excluding all of defendant's evidence and directing a verdict for plaintiff *held* error, it appearing that defendant's evidence tended to prove every element of fraud and deceit and that he was entitled to have a jury pass upon the merits of his defense.

7. VENDOR AND PURCHASER, § 348*—*measure of damages for false representations by vendor.* For fraud and deceit in inducing a person to purchase real estate upon representations that there was a certain number of fruit trees thereon, the measure of damages is the difference between the value of the land as conveyed to him and the same land with the number of fruit trees thereon as represented.