Jones v. Roberts, 188 Ill. App. 609.

---

## Charles A. Jones, Appellee, v. Mary Roberts, Appellant.

### Gen. No. 18,944.

1. LANDLORD AND TENANT, § 311*—*matter which may be recouped in suit for rent.* In an action for rent the tenant is entitled to recoup damages for fraud and deceit in connection with the making of the lease.

2. MUNICIPAL COURT OF CHICAGO, § 27*—*when bill of exceptions may be stricken.* A bill of exceptions may be stricken where it was not filed within sixty days after the judgment was entered, or within the extended time given by the court within said sixty days, as provided by section 38 of the Municipal Court Act, J. & A. ¶ 3350.

3. MUNICIPAL COURT OF CHICAGO, § 27*—*necessity of bill of exceptions.* A judgment of the Municipal Court striking a statement of claim or an affidavit of defense from the files and entering judgment by default must be affirmed in the absence of a bill of exceptions.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 7, 1914.

OSCAR E. LEINEN, for appellant.

HERMAN W. STILLMAN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Mary Roberts, appellant, brought suit against appellee, Charles A. Jones, to recover the sum of $910 alleged to have been expended for necessary repairs on the building at 5538 and 5540 Cornell avenue, Chicago. Appellee later sued appellant for rent due on said premises. Both parties filed statements of claim and affidavits of defense in said suits according to the Municipal Court practice in fourth-class actions, and by agreement the two causes were consolidated for trial. Appellant's defense to appellee's suit as stated was recoupment for fraud and deceit in connection with the making of a lease to her of said premises by him, charging that the electric wiring system in said house was very defective and had been condemned and ordered removed from the premises by the city authorities prior to her lease; that the plastering therein had been greatly damaged by an explosion in the adjoining building and was simply held in place by the wall paper; that water could not be had therein above the second story, all of which was well known to appellee before making the lease; that he knowingly and falsely represented to her that said building was in good repair in all the foregoing particulars; that she relied thereon and expended about $6,000 in fitting up the building for a hotel, and was deceived, defrauded and damaged in said sum, and that all of said defects were latent and not discoverable by ordinary efforts, etc. On motion of appellee her statement of claim in her suit and her affidavit of defense to appellee's suit were stricken from the files as insufficient in law, and judgment was rendered for appellee against appellant by default in the sum of $1,079.20.

A motion of appellee to strike the bill of exceptions herein from the record has been heretofore sustained by this court because it was not filed within sixty days after the judgment was entered, or within the extended

time given by the court within said sixty days, as provided by section 38 of the Municipal Court Act (J. & A. ¶ 3350). *Haines v. Knowlton Danderine Co.,* 248 Ill. 259.

The motion of appellee to affirm the judgment made at the same time was overruled upon the supposition that the alleged errors might be shown upon the face of the record. The sole questions, however, upon this appeal are as to whether or not the court erred in striking appellant's statement of claim and her affidavit of defense from the files and in entering judgment against her by default. It is now well established by the courts of this State that an independent suit for fraud and deceit can be maintained by a tenant affirming the contract of leasing, or that the tenant may recoup his damages so sustained in a suit by the lessor for the rent, and no reason appears in this record why appellant should not have been allowed to make her defense in recoupment in this case. *Burroughs v. Clancey,* 53 Ill. 30; *Chicago Legal News Co. v. Browne,* 5 Ill. App. 250; *Stubblefield v. Soule,* 21 Ill. App. 154; *Burroughs v. Selleck,* 185 Ill. App. 446.

The alleged errors of the court cannot be considered, however, for want of a valid bill of exceptions. A motion to strike a pleading from the files, the court's decision thereon and an exception thereto, must in a common-law case appear by a bill of exceptions to give the reviewing court the power to review such decision of the trial court on errors assigned. *Gaynor v. Hibernia Sav. Bank,* 166 Ill. 577.

The same rule announced in the *Gaynor* case, *supra,* must necessarily apply where the reviewing court is asked to reverse a judgment of the Municipal Court in a first-class case striking either a statement of claim or an affidavit of defense from the files and entering judgment by default. It must be presumed in the absence of a bill of exceptions, as said in the *Gaynor* case, that a proper case was made for the order of

the lower court, and the judgment will, therefore, be affirmed.

*Affirmed.*