Metropolitan Trust Company, Appellee, v. Frank Fishman, Appellant.

Gen. No. 42,282.

Opinion filed June 16, 1944.

BERNARD J. BROWN, of Chicago, for appellant; JESSE H. BROWN, of Chicago, of counsel.

EMANUEL ELLER, of Chicago, for appellee.

ON REHEARING.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This appeal was brought by defendant, Frank Fishman, to reverse a judgment for $11,233.96 rendered in

favor of plaintiff, Metropolitan Trust Company, receiver, in an action for rent and taxes due under a written lease, which was tried by the court without a jury. In an opinion filed April 6, 1944 we affirmed the judgment. Defendant's petition for a rehearing was allowed April 20, 1944.

It appears from plaintiff's amended complaint that it had been appointed successor receiver of an apartment hotel building involved in a foreclosure proceeding; that its predecessor receiver had entered into a written lease with defendant, Fishman, whereby the latter contracted to pay a monthly rental of $700 during the period of the receivership; that thereafter by order of court the rent was reduced to $550 a month; that defendant became delinquent in the payment of the rent due under the terms of the lease to the extent of $4,950; that plaintiff filed a petition in the foreclosure proceeding setting forth the delinquency of defendant and asking for a writ of assistance; that an order was entered therein on February 21, 1933 directing plaintiff to take possession of the premises forthwith, which order plaintiff complied with. Plaintiff's amended complaint concluded with the prayer that it was entitled to recover herein $4,950 rent and $2,808.75 taxes due from defendant under the terms of the lease at the time of his eviction and asked for judgment for $7,758.75 and interest thereon.

Defendant's answer averred *inter alia* that, since the order entered on February 21, 1933 in the foreclosure case pursuant to the receiver's petition for a writ of assistance not only directed "Metropolitan Trust Company as receiver . . . to take possession of the premises involved herein with all the chattels therein located forthwith" but also directed that "the lease between Frank Fishman and the receiver be and the same is hereby cancelled," the cancellation of the lease in and by such order "terminated any liability that may have existed on said last

mentioned date against this defendant and in favor of the plaintiff;'' and that ''if, notwithstanding the order of February 21, 1933, defendant was indebted to plaintiff on said date for $4,950 rent, then such indebtedness was not on the lease but was for money due and owing under defendant's implied agreement to pay for the use and occupation of the premises and is barred by the five-year statute of limitations.''

Only one of the issues determined in our original opinion is now before us for consideration. It is stated in defendant's petition for rehearing: ''There is only one issue in this case. The defendant pleaded that since the order of February 21, 1933 cancelled his lease with plaintiff, no action could be based upon the cancelled lease; that the only action which could be maintained was on an implied promise to pay and that the five-year statute of limitations controlled. Plaintiff moved to strike this defense and thereby admitted the cancellation as pleaded and made the issue one of law.'' Therefore the sole question presented is the legal effect of the direction that ''the lease between Frank Fishman and the receiver be and the same is hereby cancelled,'' which the chancellor added to the order restoring the possession of the premises to plaintiff.

Defendant contends that when the lease was ''cancelled'' by the order in the foreclosure proceeding, it was thereby declared null and void *ab initio* and extinguished and destroyed for all purposes; that because of the cancellation of the lease plaintiff had no right of action thereon for rent, which had accrued prior to its termination by the aforesaid order of February 21, 1933; and that the only right of action plaintiff had was on defendant's implied promise to pay for the use and occupation of the premises prior to his dispossession and that since this action was brought more than five years after defendant's eviction, it was barred by the statute of limitations.

On the other hand, it is contended by plaintiff that the cancellation operated only from the date of the order of eviction, leaving the lease to its full effect prior to that time; that the legal effect of the order dispossessing defendant and cancelling the lease was merely to terminate the contract for the use of the premises by him and to annul the relationship of landlord and tenant between the parties; that the receiver's right of action upon the lease for rent and taxes which had accrued prior to the order of February 21, 1933 survived the termination of the lease; and that since the instant action was brought on the lease, the ten-year statute of limitations is applicable.

In support of his contention that when the lease was "cancelled" by the aforesaid order of February 21, 1933, it was thereby annulled and thereafter ceased to exist for any purpose and no action could be predicated thereon for rents which had accrued prior to the entry of that order, defendant relies principally upon encyclopaedic and dictionary definitions of the word "cancelled." The Illinois cases he cites merely reiterate the meaning ordinarily attributable to the word "cancellation," which is said to be used interchangeably with the word "rescission," and those cases involved contracts other than leases, where an entire consideration was agreed to be exchanged for an entire performance. Defendant has cited no authorities to sustain his contention that the effect of the cancellation of the lease by the court was to destroy the receiver's matured contractual right under the lease to recover from him the rent and taxes which had accrued prior to its termination. There probably are none, because we doubt if a lease was ever before declared cancelled by a court under circumstances similar to those shown here. The receiver did not cancel the lease and neither did it ask the court to cancel it. The lessee Fishman did not ask the court to cancel it. The declaration that the lease be "can-

celled" was unquestionably included in the order inadvertently, because it was not responsive to any issue presented by the receiver's petition for a writ of assistance against defendant.

The only case in this state cited by plaintiff or, which we have been able to find, that is at all applicable to the situation presented here is *Burroughs v. Clancey,* 53 Ill. 30. The plaintiff therein brought an action of covenant on a lease and one of the breaches assigned was that there was rent due and unpaid for certain months of the first year of the term of the lease. The defendant filed several pleas, one of which averred that "he rescinded the indenture and restored the plaintiff to the possession of the premises, which he accepted under such rescission and surrender, and before the commencement of the suit." A demurrer to this plea was sustained and the defendant abided by the demurrer. In that case the court said at p. 35: "The fourth plea, averring a rescission of the contract, is bad, as it does not aver at what time he offered to rescind, *non constat,* by that plea, but that defendant occupied the premises until the term had nearly expired, and if appellee did accept the rescission, it does not follow the rent due was relinquished." It will be noted that recovery was sought therein in an action of covenant on a lease and the court held that, if the lease had been rescinded, the plaintiff was entitled to recover the *rent* which had accrued under the lease prior to its rescission. This rule as enunciated in the *Burroughs* case has never been overruled.

In *Hinsdale v. White,* 6 Hill (N. Y.) 507, the court in construing a statutory provision of the State of New York said at pp. 508 and 509:

"The question turns mainly on the construction to be put upon 2 R. S. 424, sec. 43, 2d ed. This declares that, 'Whenever a warrant shall be issued as aforesaid, by any such magistrate, for the removal of any tenant from any demised premises, the contract or

agreement for the use of the premises, if any such exist, and the relation of landlord and tenant between the parties, shall be deemed to be cancelled and annulled.' It is contended in behalf of the tenant that this annulment of the contract operates from the beginning, and that none of the rent due before the warrant of removal was issued can be recovered. On the other hand, it is contended that the annulment operates only from the time when the warrant issues, leaving the contract to its full effect previous to that time.

"The words of the statute admit of either construction, inasmuch as they do not expressly fix the time; and, in determining which should prevail, it is our duty to regard consequences. To say that the contract shall be considered as void and inoperative from the beginning, would not only cut off the remedy afforded by its terms for rent which may have accrued at any time past, but would even enable a tenant to recover back all he had paid. A consequence so unjust we cannot allow without words expressly declaring it. The opposite construction maintains the contract as to the rent due prior to the eviction, which it is the duty of the tenant to pay. This he has agreed to do; and moreover he agreed, in this case, that, for the same default, if the rent continued in arrear a specified time, the landlord might re-enter. . . . It is the agreement *for the use of the premises,* and the *relation of landlord and tenant,* which are annulled. The express contract to pay the rent for that part of the term already elapsed, is not necessarily destroyed, though the agreement for use and the relation of landlord and tenant be gone. In other words, the demising clause may be declared void from the beginning, without necessarily impairing the obligation to compensate for the past occupation."

So, in our opinion, in the instant case it was the agreement *for the use of the premises* and the *rela-*

*tion of landlord and tenant,* which were cancelled by the order of February 21, 1933 and the express contract to pay the rent and taxes which had accrued prior to the order of eviction was not destroyed, even though defendant's right to the use of the premises and the relation of landlord and tenant were annulled. The general rule is that upon the termination of a written lease for any reason an action may be brought on the lease for rent which had accrued prior to its termination. (32 Am. Jur. sec. 841, p. 716; 36 C. J. sec. 1149, p. 340; L. R. A. 1916B, p. 1101, note.) This rule applies when the lease is terminated by the eviction of the tenant, by the abandonment of the leased premises by the tenant, by the cancellation of the lease by the mutual consent of the parties thereto or by the expiration of the term of the lease.

A lease belongs to that class of contracts designated in law as "divisible." Such a contract is defined as follows:

"A contract under which the whole performance is divided into two sets of partial performances, each part of each set being the agreed exchange for a corresponding part of the set of performances to be rendered by the other promisor, is called a divisible contract." (Williston on Contracts, Rev. Ed., Vol. III, Sec. 860A, p. 2408.)

It is further stated by the same author:

"A divisible contract, using that term properly, is always one contract and not several contracts. It differs in one respect only from other contracts—namely, that on performance on one side of each of its successive divisions, the other party becomes indebted for the agreed price of the division which is recoverable in spite of subsequent breach by the performing party." (Williston on Contracts, Rev. Ed., Vol. III, Sec. 861, pp. 2415-6.)

Thus included in the covenants of the lease involved herein was the agreement that one month's rent was to

be paid or exchanged for one month's use of the premises and a contractual liability accrued for the payment of rent for each month the premises were used by the lessee under the terms of the lease. Plaintiff's obligations under the lease had been fully performed up to the time when defendant was evicted and the latter's contractual liability under the lease to pay rent for his occupation of the premises prior to his eviction had fully matured when he was dispossessed and the lease cancelled.

We are impelled to hold that the legal effect of the inclusion in the order of dispossession of the declaration cancelling the lease could only have been at most to destroy the lease as a conveyance and to annul the agreement for the use of the premises and the relation of landlord and tenant and that such declaration of cancellation was not and could not be legally effective to destroy plaintiff's right of action on the lease to recover rent and taxes which had accrued thereunder prior to the order of February 21, 1933; that the five-year statute of limitation has no application to this action, which is predicated upon a written lease; and that the complaint herein was filed well within the 10-year limitation period, which applies to actions based upon instruments in writing.

We therefore adhere to the conclusion reached in our original opinion that the judgment of the superior court should be affirmed. It is so ordered.

*Judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.