BENJAMIN W. BABCOCK, Appellant, *v.* TANDY H. TRICE, Appellee.

### APPEAL FROM WARREN.

Where a party is to deliver a quantity of corn under an executory contract, the law will imply a warranty that it is to be a fair and merchantable article.

The acceptance of the corn by a warehouseman, or by the purchaser himself, is not a waiver of this implied warranty.

Such acceptance by the purchaser, with opportunity of inspection, and without complaint, could only raise a presumption that it was of the quality contemplated by the parties.

Recoupment of damages may be allowed under a plea of the general issue.

THIS cause was tried at November term, 1856, of the Warren Circuit Court, THOMPSON, Judge, presiding. There was a verdict and judgment for the appellee. A motion for a new trial was denied. The opinion of the court furnishes a statement of the case.

GEORGE F. HARDING, for Appellant.

GOUDY and JUDD, for Appellee.

SKINNER, J. Trice sued Babcock and declared in *indebitatus* assumpsit for corn sold and delivered. Babcock pleaded the general issue and a special plea of set-off, for money had and received, etc. Babcock proved a special contract for the sale and the delivery of the corn, at a warehouse upon a railroad, in sacks, at fifty cents per bushel; and proved that some of the corn, when delivered at the warehouse, was in a damaged condition and of less value than sound merchantable corn. The corn was delivered through a warehouseman and it did not appear that Babcock had seen, or knew the condition of

the corn when delivered. The court, on the part of Trice, instructed the jury as follows:

"When the plaintiff delivered the corn at the depot in Cameron, to any person authorized by the defendant to receive the same, and the same was accepted by such person, then such delivery and acceptance is the same as a delivery and acceptance to and by the defendant himself; and although the jury may believe, from the evidence, that a part of the corn was damaged, yet, if they further believe that such injured corn was accepted by the defendant, or his agent, under the contract, then the defendant has waived his right to object to the payment for the corn because of the bad quality."

This instruction is not the law. Under this contract, the law will imply that the parties contemplated that the corn should be of a *fair and merchantable quality*, and will raise a warranty to that effect. *Misner* v. *Granger*, 4 Gilm. R. 69; Chitty on Cont. 392, 393; Parsons on Cont. 465, 466. The contract was executory, the corn was not purchased upon inspection, and the duty of Trice was to deliver a fair article, fit for use and market as a sound commodity; and his duty, under the contract, was not performed until he had done so.

The acceptance of the corn by the warehouseman was not a waiver of the implied warranty, nor would a delivery of the corn to Babcock personally at the warehouse, have precluded him from setting up in defense of an action for the price, a breach of warranty as to its quality.

He was not bound to refuse to receive the corn because some portion of it was damaged, nor was he bound to return it on discovery of the fact. He might rely upon the warranty. Chitty on Cont. 401; *Mondell* v. *Steel*, 8 M. and Welsby, 858; 2 Smith's Leading Cases, 20, 21 and 22.

It is true that the acceptance of corn under an executory contract, with opportunity of inspection at the time of delivery, *without complaint*, may raise a presumption that it was of the quality contemplated by the parties; but it will not preclude the party from showing and setting up the actual defect in quality and condition. Babcock might, in his plea of set-off, have set up the special contract and breach of the warranty; and, if he had done so, and it appeared that his damages exceeded the amount unpaid on the purchase of the corn, he could have recovered the difference under his plea. But his plea gave no notice that he relied upon the warranty to recover his damages by way of set-off, in the nature of a cross action. He could, however, under the general issue, prove the facts out of which the warranty arose, the breach and his damages, by way of *recoupment;* and, if the evidence justified it, defeat Trice's demand in part or in whole, but he could not

recover any excess of damages over the damages proved by Trice, the plaintiff. *Stow* v. *Yarwood*, 14 Ill. R. 424; *Bosten* v. *Butter*, 7 East. 479; *Poulton* v. *Lattimore*, 9 Br. C. 259; *Farnsworth* v. *Garrard*, 1 Camp. R. 38.

This disposes of the questions necessarily involved in the record.

Judgment reversed and cause remanded.

*Judgment reversed.*