# JOHN P. MURRAY

## v.

## JAMES F. CARLIN.

1. SETTLEMENT—*opened for fraud.* Although a settlement may be shown between the parties, yet, if it appears that one of the parties was over-reached while in such a mental condition from the use of alcoholic spirits as made him an easy victim, the settlement will not be conclusive upon the party so overreached.

2. PLEADING AND EVIDENCE—*warranty and breach under general issue.* Under the general issue, when sued for the price of a horse sold, the defendant has the right to prove a warranty of the soundness of the horse and a breach thereof and damages, and recoup the amount from the agreed price of the horse.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. HUGHES & McCART, for the appellant.

Mr. M. W. PACKARD, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was assumpsit in the common counts, brought in the McLean circuit court by appellee against appellant. The general issue was pleaded, and there was a trial before the court and a jury, resulting in a verdict and judgment for the plaintiff below, and the defendant brings the case here by appeal. We are disinclined, from all the circumstances in evidence, to disturb the verdict, upon the ground that the defendant established a settlement by the clear weight and preponderance of evidence. The evidence presented a fair question to the jury, whether plaintiff was not overreached by the alleged settlement, whilst in such mental condition from the use of ardent spirits as made him an easy victim. It seems to have been a settlement more in form, and by mere

words, than by any payment of the amounts due for the horses sold, the note and execution assigned by plaintiff to defendant. The jury could judge better as to this, than we can; but we are of opinion that the defendant had the right, under the general issue, to prove a warranty of soundness of the horse sold at the price of $200, by plaintiff to him, to show a breach of such warranty and damages, and recoup the amount from the agreed price of that horse. *Babcock* v. *Tice*, 18 Ill. 420.

The court erred, therefore, in excluding defendant's offer to prove such warranty and a breach of it, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*