ALBERT R. COOKE

*v.*

EBER C. PREBLE *et al.*

80   381
49a  643
80   381
48a   32
80   381
53a  542
80   381
59a   28
60a  255
80     381
98a  ²430

1. PRACTICE IN SUPREME COURT—*when erroneous ruling on the plead-ings will not reverse.* Where a special plea setting up damages by way of set-off is stricken from the files, and it appears that such plea was unneces-sary, and that all the matters presented by it were received and considered under the general issue, by way of recoupment, the judgment will not be reversed for the irregularity in striking the plea from the files, instead of disposing of the same by demurrer.

2. RECOUPMENT—*of damages, under the general issue.* In a suit to re-cover the price of a derrick made under a special contract, the defendant may, under the general issue, recoup any damages he has sustained by de-fects in the work, and delay in completing the same.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. TULEY, STILES & LEWIS, for the plaintiff in error.

Mr. S. M. MILLARD, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, by Eber C. Preble against Albert R. Cooke, on the common counts, and one special count, for one derrick, complete, fur-nished, made, sold and delivered by the plaintiffs to the de-fendant, at his request.

The general issue was pleaded, and a jury empanelled, when, on motion of plaintiff, the jury was discharged, and leave given him to amend all papers and proceedings, by mak-ing Hiram H. Scoville a party plaintiff, and the cause, on mo-tion of defendant, was continued.

At a subsequent term, the case was submitted to a jury, resulting in their disagreement and discharge. At the next December term, 1874, the cause was submitted to the court for trial, and defendant had leave to file plea of set-off, which was

done.  On the day following, on motion of plaintiff, this plea was stricken from the files, and defendant excepted.  The cause was then tried by the court, the trial resulting in a finding and judgment for plaintiffs, for six hundred seventy-nine dollars and thirty-eight cents.  The defendant brings the record here by writ of error.

. The first error assigned is, in striking the plea of set-off from the files.

Much is said, in the argument of the plaintiff in error, about the right of a party defendant to plead as many pleas as he may deem necessary for his defense; and the only question to be considered by the court is, is the plea good in form and substance? and if insufficient in either respect, the practice is to demur, but not strike it from the files.

Admitting all that has been urged on this point, and giving full effect to the authorities cited, the question remains, was the plaintiff in error prejudiced in any way by this action of the court, even if irregular and erroneous.  The record shows most clearly he was not.  The cause was tried on the very matters set out in the special plea—they were the principal matters in contest, and the plea wholly unnecessary.

That the damages set out in that plea could be recouped under the general issue, has been settled by this court, in a number of cases, cited by defendants in error.  *Higgins* v. *Lee*, 16 Ill. 495; *Babcock* v. *Trice*, 18 ib. 420; *Crabtree* v. *Kile*, 21 ib. 181; *Mears* v. *Nichols*, 41 ib. 207.

What propriety would there be in a re-investigation of this case on a special plea, when all the matters of that plea have been fully considered and passed upon by the jury?  We see none.

The next point raised by plaintiff in error is, that the judgment is not sustained by the evidence.

This we have carefully examined, and although it is somewhat conflicting in almost every case in which the parties themselves are the principal witnesses, as in this case, the great weight of the evidence sustains the finding.  In fact, we do not well see how the finding could have been different.

There was a substantial compliance with all the essentials of the contract for the construction of the derrick, as to quality of material, capacity of machine, its fitness for the work it was to perform, and time of delivery. But if, in this respect, there was any unnecessary delay, defendant did not show he had been damaged thereby, nor does he claim damages therefor. It is complained that defendant was not allowed for moneys expended in repairs of the derrick. It is manifest he has no grounds on which to base this claim. The derrick was accepted and used by him, and he was perfectly satisfied with it, until it became disordered, as all machines of this kind are apt to become. But six months after he had received it, and used it, he was furnished with a bill of it, which he did not dispute. He says himself, he did not go to plaintiff to ask him to repair the derrick, because he did not want to find fault at minor defects, nor did he ever request plaintiff to take it back.

On the point in regard to the lime, there is no proof the derrick was to be paid for in lime. For such lime as was received on the contract by Preble, and on his order, the defendant has a just claim, and by computation of the amount due, deducting the amount of the judgment, which is much less, there is quite a balance due defendants in error, sufficient to cover all the lime claimed and cost of repairs, if defendants in error were chargeable with them.

We see no ground for reversing the judgment, and it must be affirmed.

*Judgment affirmed.*