## EPHRAIM ADDEMS

*v.*

## NANCY SUVER.

1. PRACTICE IN SUPREME COURT—*error working no injury.* It has been repeatedly held by this court, that when matter is specially pleaded, and the plea held bad on demurrer, but the evidence is let in and the defense made under the general issue, the defendant is not injured by wrongfully sustaining a demurrer to the plea, and a reversal will not be had.

2. NEW TRIAL—*loss of instructions.* The loss of the instructions in a case before the decision of a motion for a new trial, affords no ground for a new trial, any more than the loss of the summons, the declaration, pleas, a deposition, or the minutes of the evidence. It would be ground for granting leave to restore any of them, except the last named.

3. SAME—*on the evidence, when conflicting.* Where the evidence is conflicting and contradictory, a new trial will not be granted on the ground the verdict is against the evidence, where there is enough to support the finding. In such cases, this court will not attempt to nicely weigh the evidence on each side, and will only grant a new trial when the verdict appears to be manifestly against the evidence.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. STEWART, PHELPS & GRIER, for the appellant.

Mr. J. M. KIRKPATRICK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is insisted, the court below erred in sustaining a demurrer to defendant's pleas of set-off. They set up the facts that appellant had a large number of cattle, and that he agreed to pay appellee one dollar and fifty cents per head for each month she would pasture them; that she agreed to build a fence in ten days, to enable the cattle to go to and from water, as they might choose, but that she failed to build the fence, and the cattle became injured for the want of water, and seven head of them died and the others were injured, whereby appellant suffered damage to an amount larger than appellee's claim, and in one plea he offered to set off the amount of appellee's claim, and in the other to set off that amount, and prayed judgment over for the balance.

In the case of *Babcock* v. *Trice,* 18 Ill. 420, it was held, that damages growing out of the contract sued on, may be recouped by the defendant under the general issue. The same rule was announced in *Murray* v. *Carlin,* 67 Ill. 286, and in *Cooke* v. *Preble,* 80 Ill. 381; and the court below, and appellant's counsel, must have been aware of these decisions, as proof of the facts averred in the pleas was heard on the trial —in fact, that seems to have constituted the whole contest in the case. Appellant had every opportunity to make the defense set up in the pleas, and he availed himself of the privilege to its full extent. It has been repeatedly held by this court, that when matter is specially pleaded, and the plea held bad on demurrer, but the evidence is let in and the defense made under the general issue, the defendant is not injured by wrongfully sustaining a demurrer to the plea, and a reversal will not be had.

In the case of *Cooke* v. *Preble, supra,* a plea similar to the pleas under consideration was stricken from the files, but the court admitted evidence under the general issue, the same as though the plea had been in the record, and it was held, that

notwithstanding the irregularity and error, the judgment would not be reversed. This error is not well assigned.

It is next urged, that the court below erred in refusing to grant a new trial, because all the instructions asked in the case had been lost before the motion for a new trial was over-ruled. We are unable to comprehend how that should render a new trial necessary. We presume no one could conceive the idea that the loss of the summons, the declaration, the pleas, a deposition, or the minutes of evidence taken by either party on the trial, could form ground for a new trial. It would be ground for granting leave to restore any of them, except the minutes of evidence. If appellant desired to embody the instructions in a record for this court, he should have taken the necessary steps to have them restored. It was not the duty of the court to do so, but of counsel on either side to proceed for the purpose; nor will we, the instructions being lost, presume that any error was committed in giving or refusing them. On the contrary, we will presume, as in other cases, that the court decided correctly.

It is next urged, that the finding is not supported by the evidence. If we were to take appellee's evidence alone, and leave appellant's out of consideration, it would be manifest, beyond a doubt, that the verdict was right; and if appellant's evidence were alone considered, it would be equally manifest that the verdict is wrong. It then appears there was a conflict, and it was for the jury to say to which they would give credence. They had means of determining the truth of the evidence, of which we are deprived. We neither see nor know the witnesses or their character, whilst the jury generally do, and take that into consideration in weighing and giving effect to evidence.

From this and other considerations we never set aside a verdict, unless it appears to us to be manifestly against the evidence. We act reluctantly in overturning the action of the jury, because we are deprived of many of the means they possess to detect falsehood, prejudice, ignorance and bias.

The manner, tone of voice, expression of countenance, the intelligence, and many other circumstances that lend weight to or detract from the force of a witness' testimony, are seen and observed by a jury, whilst all of these circumstances are lost when the evidence is transferred to paper. In this case there is an abundance of evidence to support the verdict. This being the case, we will not stop to balance it nicely, to see which way it preponderates as it is presented to us in the transcript.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*