## J. A. Briggs et al.

### v.

## The People, etc.

Recognizance—Variance.—Where the recognizance was several only and the *scire facias* averred that the recognizance was joint and several and appellants agreed that they would take no advantage of a variance between the *scire facias* and recognizance, and the court entered a joint judgment against appellants. *Held*, that while appellants can not take advantage of any variance, they have a right to insist that the judgment shall be entered in accordance with the recognizance and not according to the averments of the *scire facias*.

Appeal from the Circuit Court of Woodford county; the Hon. John Burns, Judge, presiding. Opinion filed July 27, 1883.

Messrs. Briggs & Meek, for appellants; that where the recognizance is several the execution should be several also, cited Thomas v. The People, 13 Ill. 696; Lawrence v. The People, 17 Ill. 172; Staten v. The People, 21 Ill. 29; Chumasero v. The People, 18 Ill. 405; Sand v. The People, 3 Gilm. 327; Farris v. The People, 58 Ill. 26.

Mr. M. L. Newell, for appellee; that appellants entered a general appearance in writing, indorsed on the writ and signed

by them in person and such an appearance waives all objection to the writ, cited Abbot v. Semple, 25 Ill. 107; Price v. P. Ft. W. & C. R. R. Co. 40 Ill. 44.

The judgment is, in effect, simply an award of execution according to the force, form and effect of the recognizance, and any other matter contained in it is surplusage: Passfield v. The People, 3 Gilm. 407; Landis v. The People, 39 Ill. 81.

LACEY, P. J.   William Collins, as principal, and the appellants, Briggs and Meek, as sureties, entered into a recognizance, payable to the People of the State of Illinois, acknowledging themselves, " severally and respectively," to owe and be indebted to them in the penal sum of $300, providing for the appearance of Collins to the next term of the Circuit Court of Woodford county, to answer to the charge of rape, which bond was entered into before a justice of the peace September 21, 1881.   Collins being indicted at the next term of the circuit court, and failing to appear, forfeiture was entered against all the signers of the recognizance, and *scire facias* was awarded to the next term of court.   *Scire facias* was issued, and appellants appeared at the next term and plead *nul tiel record* and other pleas, and agreed that they would take no advantage of a variance between the *scire facias* and recognizance, the *scire facias* averring that the recognizance was joint and several.

Upon the trial the court entered a joint judgment against the appellants instead of awarding execution against them according to the force and effect of the recognizance.   The recognizance was a matter of record, and after the declaration of forfeiture the court should only have awarded execution according to its terms.   It was error for the court to enter a joint judgment against appellants, and award execution.   If the judgment had followed the terms of the recognizance the error in entering the judgment would have been immaterial, but the court instead entered a joint judgment when the recognizance was several only.   While appellants can not take advantage of any variance, they had a right to insist that the judgment should be entered in accordance with the recogni-

zance, and not according to the averments of the *scire facias.* Passfield v. People, 3 Gil. 407; Farris et al. v. People, 58 Ill. 26. For this reason the judgment is reversed, and cause remanded.

Reversed and remanded.