## C. H. Becker

### v.

## William Brawner.

WARRANTY.—Where appellant bought ricks of hay as they stood and the property in them passed to him at once, and he was in no way hindered from examining the hay and there were no false representations or express warranty. *Held*, that there was no implied warranty.

APPEAL from the Circuit Court of Sangamon county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed December 4, 1885.

Mr. JAMES E. DOWLING, for appellant.

Messrs. PATTON & HAMILTON, for appellee.

PLEASANTS, J.   On appeal from a J. P., appellee recovered judgment upon a verdict for $70, the balance claimed on a sale to appellant of two ricks of hay; and the court refused a new trial.

It appears that after personal examination of the ricks appellant called on appellee at his barn, half a mile away, and proposed to buy them. They were offered to him at a stated price *per ton*, but he preferred to take them in mass at $80. Before concluding, however, he desired to examine them again, and did so, after which he returned, made the bargain, paid ten dollars down and promised his check for the balance when he should send to haul off the hay. Having hauled three loads he became dissatisfied on account of its condition and refused to take or pay for it. Some attempts at a compromise failed and then this suit was brought.

Appellant claimed that the hay purchased was represented to be of the same quality as that then shown him in the barn. Appellee denied it, and testified that upon being asked how much clover it contained he answered "about the same as that in the barn, which was cut from the same meadow;" that this

was true, and that no further representation was made concerning it.

Appellant also claimed that because it was in stack the law implied a warranty that it was merchantable—citing Fish v. Roseberry, 22 Ill. 299, where something like it was said of wheat.

In that case, however, the contract was not for the stack, but for eight hundred bushels of wheat to be thereafter threshed and delivered at a warehouse nine miles distant; and we apprehend the meaning of the court by the remark referred to was that a warranty was implied, not because the wheat was in stack, but because being in stack the purchaser could not know from any examination of it in that condition in October what it would be when delivered, as it was, in the following spring. In other words the contract was executory and made without opportunity to the purchaser for examination of the article contracted for. Certainly in such case the warranty is implied. Misner v. Granger, 4 Gilm. 74; Babcock v. Trice, 18 Ill. 420; Doane v. Dunham, 65 Id. 512.

But here appellant bought the ricks, as they stood, and the property in them passed to him at once. It was an executed contract of sale and made after actual examination by him as full as he desired. He does not pretend that he was in any way hindered or misled, and the jury appear to have found there was no false representation or express warranty. In such a case none is implied. Misner v. Granger, *supra;* Nichols v. Guibor, 20 Ill. 285; The Carondelet Iron Works v. Moore, 78 Id. 65; Morris v. Thompson, 85 Id. 16.

The instructions were proper and the finding was supported by the evidence.

Judgment affirmed.