## ROBERT STUBBLEFIELD

### v.

## PELIG SOULE.

*Landlord and Tenant—Action against Tenant for Breach of Covenants of Lease—Recoupment—Practice.*

In an action on a lease against a tenant to recover damages for a breach of its covenants, the defendant may introduce, by way of recoupment under the general issue, evidence tending to show that the plaintiff had represented the roof to be in good condition, but that it was leaky and the defendant's goods were injured in consequence.

[Opinion filed August 26, 1886.]

In error to the Circuit Court of McLean County; the Hon. O. T. Reeves, Judge, presiding.

Messrs. Blades & Neville, for appellant.

Messrs. Kerrick, Lucas & Spencer, for appellee.

The rejected evidence amounts to a charge of fraud on the part of appellee in procuring the appellant to accept the lease

and fraud as a defense must be pleaded.   Kirkland v. Lott, 2 Scam. 13;  Anderson v. Jacobson, 66 Ill. 522;  Elston v. Blanchard, 2 Scam. 420;  Fitzpatrick v. Beatty, 1 Gilm. 454; Newell v. Supervisors, 37 Ill. 253;  Klein v. Horine, 47 Ill. 430;  Jones v. Albee, 70 Ill. 34.

The evidence was not admissible under the general issue without notice, it not appearing and no claim being made that it went to appellee's entire cause of action.   McCullough v. Cox, 6 Barb. 386;  Mayor v. Trowbridge, 5 Hill, 68;  Whitbeck v. Skinner, 7 Hill, 53;  Heaston v. Colgrove, 3 Ind. 265; Estep v. Morton, 6 Ind. 489 ;  Sedgwick on Measure of Damages, 435.

CONGER, J.   This was an action by appellee upon a lease; the declaration averring that the premises described in the lease were in good repair when taken by appellant, and that they were injured by him while in possession, and that he did not trim the hedges and haul out the manure as he had covenanted to do in the lease.   To this declaration a plea of the general issue was filed.

By way of recoupment under the general issue, the appellant proposed to prove " that the plaintiff represented to him before entering into the lease that the roof of the dwelling house was in good condition, and that it was not and that plaintiff knew it was not, and that on account of the leaky condition of the roof the furniture and carpets of the defendant were damaged, and that on account thereof the plaintiff was obliged to move out of the house, and did move out about the first of January before the expiration of the lease."

Upon objection being made by appellee the court excluded this evidence, and as we think, erroneously.

In Stow v. Yarwood, 14 Ill. 424, which was an action of trover, the plea was, as in this case, the general issue, and the court say:  " The principle deducible from the adjudged cases is, that mutual demands arising out of the same subject-matter and capable of being balanced against each other, may be adjusted in one action.   One demand is considered as reduced or liquidated by the other, and the surplus is regarded as the

real cause of action. This doctrine of recoupment tends to promote justice and prevents needless litigation. It avoids circuity of action and a multiplicity of suits. A claim originating in contract may be set up against one founded in tort."

If appellee falsely represented to appellant that the roof of the dwelling house· was in good condition when it was not, and appellant was thereby damaged, such damages, in our opinion, could be recouped in the present action. Borroughs v. Clancy, 53 Ill. 30.

It would reduce or liquidate the demand of appellee to the extent that such damages might be allowed, and would therefore be proper under the general issue. Babcock v. Trice, 18 Ill. 420 ; Murray v. Carlin, 67 Ill. 286 ; Cooke v. Prebble, 80 Ill. 381.

For the error in excluding this evidence, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*