REUBEN C. BRADLEY AND JAMES H. SHORT

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

Scire Facias *on Recognizance—Pleading and Practice—Variance—Surplusage.*

1. Upon a *scire facias* on recognizance it is *held:* That additional pleas setting up matters admissible under the plea of *nul tiel record*, or if not so admissible, fatal as admissions of the judgment without avoiding it, were properly overruled on demurrer; that an order striking one of two indictments for the same offense from the docket was not equivalent to a discontinuance of the other, and did not release the obligors; that there is no variance, although the recognizance was not ",sealed," and although the judgment of forfeiture contained surplusage; and that the judgment, although not in the best form, awarded execution against the defendants severally.

2. A variance not specifically pointed out on the trial can not avail on appeal.

[Opinion filed May 21, 1887.]

APPEAL from the Circuit Court of Greene County; the Hon. LYMAN LACEY, Judge, presiding.

Mr. JAMES R. WARD, for appellants.

The writ of *scire facias*, on a recognizance, stands in the place of both the summons and declaration in the case, and like the declaration in any other case, should contain every material allegation necessary to a recovery. Thomas v. People, 13 Ill. 696; Lawrence v. People, 17 Ill. 172; Farris v. People, 58 Ill. 26.

There is a variance between the recognizance set out in the *scire facias* and the one read in evidence, which, under the plea *nul tiel record*, is a fatal objection to the judgment in this case. McFadden v. Fortier, 20 Ill. 509; Reese v. People, 11 Ill. App. 346; Chilton v. People, 66 Ill. 501; Matthews v. Storms, 72 Ill. 316; Smith v. Frazier, 61 Ill. 164.

The records in evidence show that on September 5, 1884, the fourth day of the term, the court, on the State's Attorney's motion, by an order entered of record, struck this cause from the docket two days after the indictment was returned, without making any entry reserving jurisdiction of the person of the accused. The recognizers were entitled to reasonable notice after this event before they could be adjudged in default. McKee v. Ludwig, 30 Ill. 28; Mattoon v. Hinckley, 33 Ill. 208; Kilian v. Clark, 9 Ill. App. 426.

The court awarded execution for the amount of the recognizance and the costs, jointly against appellants; this was error, and the mere provision that the execution was to be satisfied by the payment of the same by either of the defendants did not obviate the error. Briggs v. People, 13 Ill. App. 172.

Mr. D. F. KING, for appellees.

It was sufficient to state the recognizance according to its operation and legal effect. Lawrence v. People, 17 Ill. 172; Curry v. People, 54 Ill. 263.

The legal effect of any recognizance is the same whether under seal or not, as no seal is required. Slaten v. People, 21 Ill. 28; R. S. 1874, Chap. 38, p. 396, Sec. 295.

It is not necessary for judgment to. mention that it was joint and several. See approved form. People v. Witt, 19 Ill. 169.

Strict formality in a judgment of forfeiture is not required. Weese v. People, 19 Ill. 643.

If the defendants were not injured by the form of the judgment of forfeiture, they have not right to complain. Weese v. People, 19 Ill. 643.

The court awarded execution severally, and the object is to have execution according to the form, force and effect of the recognizance. Sans v. People, 3 Gilm. 327; Chumasero v. People, 18 Ill. 405.

PLEASANTS, J. This was a *scire facias* against Joseph Bradley as principal and appellants as sureties on a recognizance taken August 9, 1884, by a Justice of the Peace, in the sum of one thousand dollars, and conditioned for the appearance of said principal at the September term next following of the Circuit Court of Greene County, to answer to an indictment for rape.

It recited that said cognizors " in writing by them duly signed and sealed, severally acknowledged themselves to owe," etc.; that the same was by said justice approved and filed in the office of the clerk of said Circuit Court ; that on the third day of September, 1884, at the term aforesaid, an indictment was returned against said principal for said crime, and that afterward at the same term the defendants were severally called and defaulted, " whereupon it was considered and adjudged by the said court that the said recognizance be taken for and declared forfeited, and that a *scire facias* issue," etc.

Appellants filed, among others not necessary to be noticed, three pleas, in substance respectively as follows :

1. That there is not any record of said supposed forfeiture.

2. That they produced the body of their principal in open court at said term on the first and subsequent days thereof, and before any forfeiture was declared, and were, by the order of said court, released from further performance of the conditions of said recognizance.

3. That said principal personally appeared in said court on the first day of said term, and from day to day thereof; that on the fifth day of September, in said term, the said court, in a

certain cause then pending, in which said recognizance was filed and a part of the records thereof, and being the same to which he was thereby bound to appear, made an order of record that " this cause be and the same is now stricken from the docket, and the defendant is thereby discharged henceforth and permitted to go without day," and that said cause was so off the docket when the supposed forfeiture was declared.

Of these the second and third were held bad on demurrer, and the issue joined on the first was tried by the court without a jury and found for the plaintiffs, whereupon, after default taken against said Joseph Bradley, judgment of execution was entered against all the defendants.

Appellants claim there was error in sustaining the demurrers to said second and third pleas.

To maintain the issue on the first it was incumbent upon plaintiffs to show a judgment of forfeiture in full force, and therefore competent for defendants to rebut it by producing a record of any other proceeding which made it void when entered or inoperative afterward. If such was not the legal effect of the order referred to in these pleas, they were bad for that reason, because they admitted the judgment; if it was, they were useless, because it was just as admissible and effectual under that of *nul tiel record*. And it was in fact so treated. The error, therefore, if any, did not prejudice the defendants and is no ground for reversal. Addems v. Suver, 89 Ill. 482; Cooke v. Preble, 80 Ill. 381.

But there was no error here. In the Circuit Court, at its September term, 1884, there was but one case of the People against Joseph Bradley for rape. The docket, however, indicated two, numbered, respectively, 59 and 62. The entry of the first was made upon the filing of the recognizance and accompanying papers by the justice, August 9th; of the other, upon the return of the indictment, September 3d. One of them was manifestly superfluous, since all the papers so filed pertained to the same case, and since that was the case upon the indictment which was docketed as No. 62, and no action was to be taken in No. 59 separately, it was by the court, on

the 5th, simply and properly therein "ordered that this cause be stricken from the docket."

Counsel now insists that this order, being presumably made with the approval of the State's Attorney, "was equivalent to a discontinuance" of the cause upon the indictment, but that he well knew, at the time, it was not so intended by the court or the State's Attorney, nor so understood by anybody concerned, is clear from the record, which shows that on the 10th, five days after its entry, he entered a motion in No. 62 on behalf of the defendant for a continuance. Whether as a consequence of the afterthought now urged or not, this motion was withdrawn on the 11th, on which day the defendant failed to appear and the recognizance was therefore declared forfeited.

The court below having judicial knowledge of these facts from the records and proceedings in this case, made and had before these pleas were filed, rightly held as matter of law that this order therein referred to did not release the defendants.

On the trial of the issue joined, they objected to the recognizance offered, which was not in fact "sealed" as alleged "for the reasons that it was several and variant, and did not sustain the allegations," and its admission over such objection is assigned for error. There was no plea traversing the alleged record of the recognizance ; it was in fact several as averred. The *scire facias* purported to set it out only according to its legal effect, and this was not varied by the want of a seal for none was required. R. S. 1874, Crim. Code, Sec. 295. And if the averment was matter of essential description, the variance in question could not avail appellants here because it was not specifically pointed out on the trial. In St. Clair Co. Ben. Soc. v. Fietsam, 97 Ill. 480, the rule and the reason for it are thus declared : "It is a sufficient answer to say, no variance between the proof and the declaration in this respect was called to the attention of the court when the instrument sued on was offered in evidence. A general objection was taken—there was a variance. That is not sufficient. The party objecting should have pointed out wherein the variance existed. Had that been done, under our Practice Act an amendment could have been instantly made that would have obviated the ob-

jection, so that the trial could have proceeded on such terms as the court might have seen fit to impose."

It is also claimed there is a fatal variance between the recognizance and the judgment of forfeiture.

The record introduced, after showing that the principal and sureties were severally called and defaulted, proceeds as follows: "Thereupon it is considered by the court, that the recognizance of the said Joseph Bradley, principal, and Reuben C. Bradley and James H. Short, his sureties, herein heretofore taken, and by them jointly and severally entered into, and for which they were jointly and severally bound, be taken, held and declared as forfeited. Therefore it is considered by the court now here, that the People of the State of Illinois have and recover of the said Joseph Bradley, principal, and Reuben C. Bradley and James H. Short, his sureties in the recognizance herein, the sum of one thousand dollars, the amount of the said recognizance as aforesaid. And it is further ordered by the court that a writ of *scire facias* issue herein," etc.

We have seen that the recognizance was not joint and several, but several only, as was averred in the *scire facias*. Also that the judgment was therein set out as a simple judgment of forfeiture, " that the said recognizance be taken for and declared forfeited." There is no variance, then, between the allegation and the proof as to the judgment. It is certainly a judgment of forfeiture, and the recognizance adjudged forfeited is identified by the several particulars stated, and beyond doubt by its designation as " the recognizance herein." This was enough to entitle the people to final judgment in this suit for execution, according to the actual form, force and effect of the recognizance.   The People v. Witt, 19 Ill. 171.

What if the court did go further and erroneously characterize it as joint and several? That was in excess of what the statute or good practice required.   Landis v. The People, 39 Ill. 79; Weese v. The People, 19 Ill. 643; Passfield v. The People, 3 Gilm. 406; Briggs v. The People, 13 Ill. App. 172. It was corrected by the recognizance itself, which was by reference made a part of the judgment.   Where a declaration on an appeal bond wrongly described it as payable on demand,

but a further description showed it payable on affirmance of the judgment appealed from, the Supreme Court said : ." We think there was no substantial variance. The mere statement that the obligation was payable on demand was clearly inconsistent with the full description of it in the declaration, and might well be disregarded as surplusage." Walker v. Welch, 14 Ill. 277; see also Benedict v. Dillehunt, 3 Scam. 287. In this case all that followed the declaration of forfeiture might well be so regarded. It did the defendants no harm, and the whole was " in effect," as was held in a like case, " only a judgment of forfeiture." Weese v. The People, 19 Ill. 647–8.

Lastly, it is said that the final judgment awarded execution against the defendants jointly. It appears from the bill of exceptions that the court " ordered executions severally against the defendants, for the plaintiffs, for the amount of said recognizance and the costs." As entered up by the clerk the judgment is " that the People of the State of Illinois have execution against Joseph Bradley, principal, for the sum of one thousand dollars, the penalty in the said recognizance mentioned, and against James H. Short and Reuben C. Bradley, sureties in the said recognizance, for the sum of one thousand dollars each, together with the costs in this behalf expended; said executions to be satisfied by the payment by either or any of the said defendants, of the sum of one thousand dollars aforesaid."

Although as a form for such a case this might be improved, we think it awarded execution severally, according to the form, force and effect of the recognizance.

Perceiving no error in the record, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*