## THE PEORIA GRAPE SUGAR COMPANY
### v.
## PERRY FRAZER.

*Contract for Digging Well—Action to Recover Balance—Set-off—Conflict of Evidence—Instructions.*

1. Where the evidence is conflicting, and that produced by either party, considered alone, is sufficient to require a verdict in his favor, a new trial

will not be granted on the ground that the verdict is not sustained by the evidence.

2. In an action to recover a balance claimed to be due on a contract for sinking a well to a certain depth, this court declines to interfere with the verdict, the evidence being sharply conflicting and there being no error in the instructions.

[Opinion filed January 19, 1888.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. PUTERBAUGH & PUTERBAUGH, for appellant.

Messrs. SHEEN & LOVETT, for appellee.

WELCH, P. J. This was an action of assumpsit brought by the appellee against the appellant. The declaration contained special counts on contract with common counts. Appellant filed pleas of *non assumpsit*, set-off and payment. Replication to pleas; trial; verdict for appellee; damages assessed at $150; motion to set aside verdict and for new trial; motion overruled and judgment on verdict, from which this appeal is taken. Various errors are assigned The contract as originally made is contained in the following proposition made by appellee and its acceptance by the appellant.

"PEORIA, ILL., July 26, 1886.

"PEORIA GRAPE SUGAR CO.:

"*Gentlemen :*—I propose to dig your present well at a diameter of ten feet; and forty feet deeper, for the sum of $375, and $5 per foot for each additional foot, to a depth of sixty feet, you to keep the well free from water for ten hours, to allow placing of cofferdam. In case bowlders are fouled the company to stand expense of blasting same. The company to pay, as per above, at the completion of the work. If for any cause the company should decide to suspend operations, I agree to allow a rebate of $5 per foot for every foot short of the required forty feet. The company agree to furnish money to the amount of $100 as the work progresses to pay for labor. I assume all risks.

"PERRY FRAZER."

It is admitted that appellee only sunk the well 33½ feet when further work was abandoned by consent of parties. It is also admitted that appellant has paid the appellee $510, which they claim is more than was due, and for which they seek a recovery in their set-off.

The contention in this case arises upon the claim made by the appellee against the appellant for damages, for their failing to free the well from water for ten hours, to allow placing of cofferdam, and for expenses in blasting bowlders. Appellant insists that whatever claim appellee had for damages on account of water was settled in an allowance of $100 on the contract to the appellee by the appellants. And they deny that there was any expense in blasting bowlders, claiming that there were no bowlders in said well.

Appellant also claims judgment for an amount overpaid appellee. Appellee admits the extra $100 on contract, but denies that it was in settlement for damages on account of water.

We have carefully examined the evidence in this record, and we find that it is very contradictory and conflicting. We do not deem it necessary to refer to the evidence in detail in view of the uniform rulings of the Supreme Court and by the Appellate Court, that in such a case the verdict will not be disturbed. Stickle v. Otto, 86 Ill. 161; Hayes v. Houston, 86 Ill. 487; Addems v. Suver, 89 Ill. 482; Howitt v. Estelle, 92 Ill. 218. In the case of Lewis v. Lewis, 92 Ill. 237, it was said: "Where the evidence is conflicting, and that produced by either party considered alone is sufficient to require a verdict in his favor, a new trial will not be granted on the ground that the verdict is not sustained by the evidence." We can not say that the verdict is manifestly against the weight of the evidence, although it might have been better satisfied had it been the other way.

It is insisted by counsel for appellant that the court erred in refusing the 1st and 2d instructions asked by the appellant. The court gave, at the instance of appellant, instructions that presented to the jury clearly the defense of the appellant. The 3d instruction told the jury that although they may

Peoria Grape Sugar Co. v. Frazer.

find from the evidence that the appellant did not keep its well free from water for ten hours to allow appellant to place his cofferdam, as provided in said contract, yet if they should further find from the evidence that the appellee agreed with the appellant to accept, and did receive from the appellant $100 extra in satisfaction thereof, then the appellee was not entitled to recover any damages from the defendant for such failure to keep its well free from water.

The 4th instruction told the jury that under the contract read in evidence the appellee was not entitled to recover for any expense in blasting any stone except bowlders; and that if the stone claimed to be blasted was not bowlders then the appellee could not recover for the blasting the same.

The 5th instruction told the jury that under the contract read in evidence the appellee was not entitled to any pay for blasting unless he fouled a bowlder. That having fouled upon any other kind of stone except bowlders, will not authorize appellee to recover any expense for blasting. These instructions gave to the jury a clear and accurate statement of the law as to the rights of the appellant under the contract and issues.

The 1st instruction asked by the appellant and refused by the court, set out the contract without giving to it a construction as to the rights of the parties, as to any question arising in this case. There was no error in its refusal.

The 2d instruction, which was refused, told the jury appellee could not recover extra pay for blasting sandstone, limestone or stone other than bowlders.

The jury by the 4th and 5th instructions given, were told that no recovery could be had except for bowlders. There was no error in the refusal of the 2d instruction.

The jury were properly instructed as to the law. The verdict is supported by the evidence. The judgment is affirmed.

*Judgment affirmed.*