## John S. Hoerner v. Isaac B. Giles.

1. RECOUPMENT—*Under the General Issue.*—It is the well established law of this State that recoupment may be allowed under a plea of the general issue; so where the general issue and a special plea of a total failure of the consideration are pleaded to a declaration upon a promissory note, and the evidence, though at variance with the special plea, shows a partial failure, in the way of damages such as may be recouped, it is error to instruct the jury that they should find for the plaintiff for the full amount of principal and interest, unless a total failure of consideration had been established by a preponderance of evidence. Under the general issue a partial failure of consideration, if proved, may be availed of by recoupment in a proper case.

2. WARRANTY—*Recoupment of Damages—Notes for Purchase Price.* — Where a person purchases personal property upon an express warranty, and pays part of the purchase price in money and gives his note for the balance, if there is a breach of the warranty, and the damages arising therefrom are equal in amount to the note remaining unpaid, they may be applied to the full extinguishment of it.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

Hoerner v. Giles.

Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

The opinion states the case.

APPELLANT'S BRIEF, HADLEY & BURTON, ATTORNEYS.

The defendant had the right, under the general issue, to prove a warranty on the part of Kirk of the representations made by him, and recoup any damages he may have suffered by a breach of the warranty. Babcock v. Trice, 18 Ill. 420; Murray v. Carlin, 67 Ill. 286.

To constitute a failure of consideration to a note, there must be a warranty of the property, or a false and fraudulent representation of the thing sold. A person selling property in good faith and without any knowledge that it is defective, and who makes no warranty as to its quality, is guilty of no wrong, and the fact that it is not what the purchaser supposed it was, does not constitute a failure of consideration; but when false and fraudulent representations are made, or a warranty given which is broken, there is, in such cases, a failure of consideration to the extent of the injury sustained.

These cases establish the rule that to constitute a failure of consideration there must be either a warranty or a fraud practiced by the seller. Richards v. Betzer, 53 Ill. 469; Owings v. Thompson, 3 Scam. 502; Meyers v. Turner, 17 Ill. 179; Kerney v. Gardner, 27 Ill. 163; Leggat et al. v. Sands Ale Brewing Co., 60 Ill. 158.

APPELLEE'S BRIEF, WISE & McNULTY, ATTORNEYS.

A party can not, under the general issue, introduce evidence to prove either a partial or total failure of consideration. Rose v. Mortimer, 17 Ill. 475; Keith v. Maffitt, 38 Ill. 303; Johnson v. Wilson, 54 Ill. 419; Leggat v. Sands Ale Brewing Co., 60 Ill. 158; Schroer v. Wessell, 89 Ill. 113.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

On April 27, 1891, appellant bought of Harry Kirk, 3,500 shares of the capital stock of the Cinnabar Mining Com-

pany for $519, and gave, in part payment therefor, the note for $250 sued on in this case, at the same time paying the remainder of the purchase-money in cash, or its equivalent. After the maturity of the note it was assigned to appellee, who instituted this suit and obtained judgment in the Circuit Court for the face of the note and interest thereon.

Appellant pleaded the general issue and a special plea of total failure of consideration. The special plea alleged that Kirk represented to appellant, for the purpose of inducing him to buy the stock above mentioned, that a large amount of free-milling gold ore had been mined, and was then in the mill in Idaho and upon the dump near said mill, ready for milling; that appellant relied on said representations in buying the stock and in executing said note in part payment therefor; that the representations were false, and that Harry Kirk knew they were false when he made them.

By the instructions given on the trial, the court limited the defense strictly to the matters alleged in the special plea. The jury were told that they should find for appellee for the full amount of principal and interest, unless a total failure of consideration had been established by a preponderance of the evidence; that even if a partial failure of consideration had been proved, no allowance could be made therefor, under the pleadings, in computing the amount due; that if appellant had failed to prove that the representations were made as alleged, or that they were false, or that Kirk knew them to be false when he made them, or that appellant bought on the faith of these representations, the verdict should be for appellee for the full amount due on the note.

These instructions would have been a correct statement of the law if the evidence had not presented such a state of affairs as to permit appellant to recoup his damages against appellee's demand.

It is the well established law of this State that recoupment may be allowed under a plea of the general issue. Babcock v. Trice, 18 Ill. 420; Murray v. Carlin, 67 Ill. 286; Cooke v. Preble et al., 80 Ill. 381; Addems v. Suver, 89 Ill. 482; Stubblefield v. Soule, 21 Ill. App. 154.

It follows that if the evidence in this record shows a proper case for the recoupment of damages, though the evidence upon this point may differ from the facts stated in the special plea, appellant should have had the advantage of such defense, or partial defense, under the general issue, and the foregoing instructions which deprived him of this right were erroneously given.

Appellant testifies (and is contradicted by Kirk in general terms only) that Kirk represented to him that the ore in the mine was free milling gold ore, and that the mill was filled with, and the dumps were covered with such ore; that he would guarantee everything to be as he said, and that appellant should not be troubled about paying the note till satisfied that what he, Kirk, had told him, was true. Appellant further testifies that he relied upon these representations in buying the stock and in giving the note. The evidence tends to show that these representations were untrue, and that Kirk knew them to be untrue when he made them. But even if Kirk did not know that the representations were untrue, he made them unqualifiedly, according to appellant's testimony, and in such terms as to create an express warranty, in which case liability did not depend upon the truth or falsity of the statements. It is hardly necessary to refer to authorities in support of so plain a proposition.

A few illustrations of the law as announced in this opinion may not be inappropriate.

In Hutt v. Bruckman et al., 55 Ill. 441, it was held, that when several notes were given upon the purchase of personal property in respect to which there was a warranty, and all the notes had been paid except one, if there was a breach of the warranty, the damages arising therefrom, being equal in amount to the note remaining unpaid, might be applied to the full extinguishment thereof.

In Murray v. Carlin, 67 Ill. 286, it was held that, under the general issue, a defendant, when sued for the price of a horse bought by him, had the right to prove a warranty of the soundness of the horse and a breach thereof and damages arising from such breach, and to recoup the damages from the price agreed upon for the horse.

These authorities are in point and decisive of the question under consideration.

For the error indicated, the judgment is reversed, and the cause is remanded.