## McCormick Harvesting Machine Company v. J. F. Robinson and W. S. Adkins.

1. RECOUPMENT—*Under the General Issue.*—In an action to recover the amount of a note given for the purchase price of a harvesting machine, the defendant may recoup under the general issue, without a special plea, any damages arising from a breach of a warranty of the machine.

2. BREACH OF WARRANTY—*Recoupment—General Issue and Special Pleas.*—Where the general issue and a special plea have been filed and the evidence is variant from the allegations of the special plea, recoupment is permissible, nevertheless, under the general issue in a suit for the price of an article sold, where there is a warranty of the article and the evidence shows a breach of such warranty.

3. INSTRUCTIONS—*Harmless Error.*—The giving of an erroneous instruction which does not prejudice the right of the adverse party, is not reversible error.

Assumpsit, on promissory notes. Appeal from the County Court of Jackson County; the Hon. R. J. McELVAIN, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed August 31, 1895.

R. J. STEPHENS, attorney for appellant.

WILLIAM A. SCHWARTZ, attorney for appellees.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

In 1884, appellees bought a McCormick harvesting machine of appellant, through its agent, John Schneider, at DuQuoin, Illinois, for the price of $140, and gave three notes for the purchase money, two for $45 each, and one for $50. One of the notes for $45 became due in the fall of 1884, and Schneider demanded payment thereof. Appellee Adkins testifies that he objected to paying on the machine, but that Schneider said that the company would fix it by the next harvest; and that if they would "pay that payment," it would be all right. On the faith of this proposition the note was paid.

This suit was brought in 1894 to recover the amount alleged to be due on the other two notes, one of which had matured in 1885, and the other in 1886. Corporations are ordinarily vigilant in the assertion of their rights, and the delay in bringing this suit is a circumstance tending to show that appellant did not feel sure of the right.

The general issue and three special pleas were filed to the declaration. The special pleas set up a warranty and the breach of it, as a defense to the action.

Appellant's first argument is that even though the warranty, as alleged in these pleas, may have been proved, yet the warranty relates to the present and not to the future, and the breach thereof is a want and not a failure of consideration. That is to say, it is contended that pleas averring a failure of consideration are not a defense under evidence showing a want of consideration.

Appellant's second argument is that the warranty as set forth in these pleas is not proved by the evidence. In other words, the evidence may show a warranty, but it does not show the particular warranty which has been pleaded.

It is not necessary for us to pass upon either of these

questions. In an action of this kind the defendant may re-coup his damages arising from a breach of the warranty under the general issue without special plea. Higgins v. Lee, 16 Ill. 495; Babcock v. Trice, 18 Id. 420; Mears v. Nich-ols, 41 Id. 207; Hutt v. Bruckman et al., 55 Id. 441; Murry v. Carlin, 67 Id. 286; Cooke v. Preble et al., 80 Id. 381; Wadhams v. Swan, 109 Id. 46; Tully et al. v. Excelsior Iron Works, 115 Id. 544.

Where the general issue and a special plea have been filed and the evidence is variant from the allegations of the special plea, recoupment is permissible, nevertheless, under the general issue in a suit for the price of an article sold, where there was a warranty of the article and the evidence showed a breach of the warranty. Hoerner v. Giles, 53 Ill. App. 540.

Appellant admits that its refused instructions were based upon facts of which there was " very little, if any evidence." This criticism is just and the instructions were properly refused.

The objection to appellees' first instruction is that it makes a breach of the warranty operate to defeat the ac-tion entirely, whereas the machine had not been returned to appellant, and appellees were only entitled to recoup their damages over and above the actual value of the machine, which might not be as much as the amount due on the notes sued upon. The alleged error was not harmful in this case, for the reason that $45 had been paid on the machine, and the evidence showed that the machine was worthless. If appellees were entitled to recoup any amount of damages against appellant's claim, they were entitled to recoup a sufficient amount to defeat the entire action. This being true, appellant's rights were not prejudiced by the giving of this instruction.

There was no substantial error in the rulings of the court in admitting, or refusing to admit, evidence.

We are satisfied with the result of the trial, and the judg-ment is affirmed.