Daily v. Smith-Hippen Co.

## Joseph Daily v. Smith-Hippen Co.

1. INSTRUCTIONS—*power of court to limit number of.* It is error for the trial court to restrict the parties to a cause to the presentation of any particular number of instructions, and such error is prejudicial where it forces a party to so draft the instructions which he does present, as to render them confused, misleading, argumentative, or otherwise open to criticism.

2. WARRANTY—*what does not waive a.* The acceptance of merchandise which has been warranted, does not waive the right to interpose the defense of a breach of warranty, in an action brought for the purchase price of such merchandise.

Action of assumpsit for goods sold and delivered. Appeal from the Circuit Court of Tazewell County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 17, 1903.

W. R. CURRAN, for appellant.

PRETTYMAN & VELDE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellant brought this action in assumpsit against appellee to recover the price of a quantity of wheat. The declaration consisted of two counts, the first, a special count

and the second, the common counts. The pleas to the declaration were, first, set-off for work, material and storage, amounting to $100; second, the qualified general issue; and, third, tender, as to the sum of $101.40. There was a trial before a jury resulting in a verdict for appellee, upon which verdict the court rendered judgment against appellant for costs.

The main questions of fact involved in the case and with reference to which the evidence is in hopeless conflict, are, first, was the wheat sold and delivered by appellant to appellee of the quality contracted for; second, was appellee bound under the contract to accept wheat delivered by appellant at the former's elevator at Manito; and, third, did appellee in fact receive and accept the wheat so delivered at Manito, as purchaser or merely as warehouseman. Upon all these issues, the jury found in favor of appellee and against appellant.

On July 22, 1902, appellant and E. F. Unland, president of appellee, made a contract for the sale of 600 bushels of wheat by the former to appellee, at sixty-five cents per bushel. Appellant testifies that he represented his wheat as fairly good, soft wheat, not equal to No. 1 or No. 2, and that he was uncertain as to whether it would grade as No. 3; that he preferred to sell to appellee, to be delivered at its barge at Garman's Landing on Spring Lake, as it would make a shorter haul; that there was some question as to whether the barge would be in readiness to receive the wheat at Spring Lake and that Unland told him, if anything should happen in that respect, he, appellant, should haul the wheat to the elevator at Manito. Appellee's witnesses testify that appellant represented his wheat as good, dry, soft milling, No. 3 wheat, and that nothing was said as to the delivery of any wheat at Manito. Appellant delivered on the barge at Spring Lake 202 bushels and forty pounds of wheat, in payment for which, appellee tendered to him $101.40, being at the rate of fifty cents a bushel. The barge having been removed before all of appellant's wheat was delivered to appellee, appellant delivered the re-

mainder, 658 bushels, fifty pounds, at the elevator in Manito. With reference to this latter wheat, Knollhoff, the agent of appellee at Manito, wrote appellant:

"You have delivered to Smith-Hippen Co., at Manito, Ill., 658 50-100 bus. damaged and wet wheat. We will give you 40 cents bus. for this wheat or will ship it for your ac. or will load it on car and you ship it yourself; this wheat is not according to contract and cannot receive it as such."

There was evidence tending to show that the first three loads of wheat hauled by appellant to Manito, were weighed and received, in the absence of Knollhoff, by persons not authorized to bind appellee, so as to constitute a receipt by them of such wheat, an estoppel against appellee to deny its purchase; that Knollhoff told appellant on the morning of August 13, after the delivery of the first three loads of wheat at Manito, that the wheat he was hauling there was very damp and would not be taken on the Spring Lake contract, and that it was taken and unloaded on appellant's assurance to Knollhoff that appellant would make it all right with Mr. Unland, and that appellant did not do so. As tending to show that the wheat delivered by appellant at Manito was not wet and damaged, he offered to prove the quality of certain wheat threshed at the same time and taken from the same pen, that was sold by him to the Granger elevator within a day or two after the last load was delivered at Manito, and also that he was paid sixty-five cents per bushel for such wheat, but the court rejected such proof. Evidence as to the quality of the wheat delivered by appellant to the Granger elevator was competent and should have been received, but it was not proper to prove the price for which such wheat sold. Such evidence would have raised a collateral issue not pertinent to the case.

Appellant also offered to show that the bins in appellee's elevator at Manito were four or five feet below the surface of the ground; that there was water in the foundation and that the wheat became wet and heated because it was kept in a damp place; but upon appellee's objection the offer was rejected. This was error. Appellee claimed that appel-

lant's wheat delivered at the elevator was wet and commenced to heat immediately after being placed in the bins, and appellant should have been permitted to make the proof offered, as tending to show that the wheat became wet and subject to become heated, by reason of the dampness of appellee's elevator, rather than because it was wet when delivered.

The record shows that after the evidence in the case was closed, and after appellant's instructions, some twenty in number, had been tendered to the court, the court announced that but twelve instructions on a side would be given to the jury.   That this ruling of the court was erroneous is established in Chicago City Ry. Co. v. Sandusky, 198 Ill. 405, and that it constituted prejudicial error in this case is evident upon examination of the instructions given on behalf of appellee, wherein counsel sought to avoid the effect of the ruling by embodying in one instruction several distinct propositions, which should have been given to the jury in homeopathic doses, with the result that the instructions were confused, misleading, argumentative and otherwise open to criticism.   A trial judge in the throes accompanying the examination of fifty or more instructions has our sincere sympathy, born of experience, but relief rests with counsel, not with the court.

Appellant's refused instructions A and E, should have been given, and his other refused instructions were properly refused.   The modification of appellant's instructions, except the ninth, was proper, and, as modified, they state the law of the case as we view it.

If the evidence of appellee's witnesses is true, appellant stands on a different footing with reference to the wheat delivered at Spring Lake than that delivered at Manito. As to the wheat delivered at Spring Lake, appellee became the purchaser, bound to pay the contract price, if the wheat graded up to contract, or to pay what it was worth in the market, if below contract grade, while as to the wheat delivered at Manito there was evidence tending to show that appellee did not purchase it, but that it was received under

protest, subject to some understanding which was never effected, and on failure of which, the wheat remained the property of appellant.

The contract for the purchase of the wheat was an executory contract, not executed until appellant had delivered wheat in compliance with its terms. The acceptance of the wheat by appellee at Spring Lake, if not up to contract grade, did not waive the warranty. That the wheat was not as warranted was available to appellee as a defense in an action by appellant for its price. Babcock v. Trice, 18 Ill. 420; Doane v. Dunham, 65 Ill. 512; Underwood v. Wolf, 131 Ill. 425. This theory of the case was adopted in part by appellant in his instructions to the jury, which authorized a verdict based upon the market value of the wheat in the event that it did not come up to the contract grade.

For the reasons indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*