Charles Schuchmann, Appellant, *v.* Jacob Knoebel, Executor of William C. Kinney, deceased, Appellee.

27  175
69a 303

APPEAL FROM ST. CLAIR.

A partial failure of consideration may be pleaded to a promissory note given for the purchase of land.

A party may also *recoup* in an action upon a note given for land, what he has been compelled to pay in order to remove an incumbrance upon the land.

This was action of debt, brought by Knoebel, executor, etc., upon a promissory note under seal, made by Schuchmann, dated February 24, 1858, for $2,200, payable to Wm. C. Kinney two years after date, with interest, etc.

To this declaration Schuchmann pleaded, First, As to part of the consideration of the writing obligatory sued on, that before and at the time of making the same, Kinney sold and conveyed to Schuchmann, by deed in fee simple, certain lands in said county therein described, and in and by said deed covenanted, among other things, that said land was free from all incumbrances. And defendant, in consideration of said conveyance and said covenant, then and there agreed to pay said Kinney $9,000, a part of which was the sum mentioned in the writing obligatory sued on, and the residue of said purchase money had been paid by Schuchmann. That at and before said sale, the said lands were subject to the lien of a judgment in said St. Clair Circuit Court, in favor of Ewald Massow, and against the said Kinney and others, upon which judgment an execution issued in due form of law, dated January 4th, 1858; and afterwards, to wit, on the 27th of March, 1858, after due notice the said first described tract was sold by the sheriff of said county, in due form of law, to said Massow, under said execution, for the sum of $1,093.99; and afterwards, to wit, on the 26th of May, 1858, Schuchmann, as subsequent purchaser from said Kinney, was obliged to pay to the sheriff of said county, and did pay to him, $1,112.98, to redeem said land from said sale. Defendant further averred, that at and before the execution of said writing obligatory sued on, and of said deed, the said lands were subject to an incumbrance of $30.61, for the state, county and special taxes, for the year 1857, and the said Schuchmann, after the date of said deed, was obliged to pay, and did pay, said taxes, to wit, on, etc., at, etc., aforesaid. Defendant further averred, that at the execution of the said writing obligatory and said deed, the said tracts of land were subject to

a mortgage lien, dated August 23rd, 1851, and filed for record in the recorder's office in said county, on the 23rd of August, 1851, executed by the said Kinney and wife to the trustees of Shurtleff College, a corporation in said State, to secure the payment of a promissory note made by said Kinney to said trustees for the payment of $1,025, payable on or before the 1st of September, 1853, in the bonds or internal improvement scrip of the State of Illinois, the said bonds or scrip bearing interest on their face from the date prior to 1842, and engaging to pay to the order of said trustees, or their successors, the sum of fifty dollars cash annually by way of interest; and the said Schuchmann was necessarily obliged to pay, and did pay, to extinguish said mortgage, a large sum of money, to wit, $1,060, to wit, on the 24th day of February, 1859, at the county aforesaid, and before the commencement of this suit; wherefore defendant says that the consideration of the said writing obligatory has failed to the extent of the sums so paid by said defendant as aforesaid, etc.

Second plea. Set-off for $3,000, money paid by Schuchmann for Kinney in his lifetime at his request.

Third plea. That the writing obligatory sued on, was given to said Kinney in his lifetime, as part of the consideration for certain real estate mentioned in said first plea, which real estate was sold, etc., by said Kinney to said Schuchmann at the time, for the consideration and in the manner and form mentioned in said first plea; and by his deed therein mentioned, the said Kinney covenanted that said real estate was free from all incumbrances. Said plea avers that, at the time of making said deed, said real estate was not free from all incumbrances, but on the contrary, that said real estate was incumbered in manner and form as stated in said first plea; by reason whereof said defendant had been obliged to expend, and had expended the said sums of money mentioned in said first plea, in manner and form as therein stated, in extinguishing said incumbrances. And that neither said Kinney in his lifetime or said plaintiff, his executor, since his death, had kept said covenant, but they have broken the same, to the damage of said Schuchmann of $4,000, which the plea proposes to set off against the debt and damages sued for, etc.

Fourth plea. Payment in the usual form.

Plaintiff traversed second and fourth pleas, and demurred to first and third pleas, which demurrer was sustained by the court.

On the trial before the court, plaintiff below introduced the writing obligatory sued on, credited with $1,241, being the

amount of the Massow judgment mentioned in first plea, paid by Schuchmann. Defendant introduced in evidence the deed, with covenant against incumbrances, made by Kinney to Schuchmann, as described in defendant's first plea, which deed it was admitted was given for the instrument sued on, and other notes. Defendant further introduced the mortgage, made by Kinney to the trustees of Shurtleff College, as stated in first plea, which was duly recorded in the recorder's office of said county, on the 23rd of August, 1851. Defendant also proved, that the balance due on said mortgage on the 24th of February, 1859, was one thousand and fifty dollars and forty-two cents, which defendant on the day last mentioned paid and satisfied, and extinguished said mortgage. This was all the evidence.

The court excluded the payment of said mortgage, and found for plaintiff the balance due on said writing obligatory, deducting only the credit for amount paid on the Massow judgment. Defendant moved for a new trial, because the finding was contrary to law and to evidence; which motion was overruled by the court, and to which decision of the court Schuchmann excepted. Final judgment was rendered and case appealed to Supreme Court, to be heard by consent at Springfield.

Appellant assigns for error:

That the court below erred in sustaining demurrer to his first and third pleas.

In the finding for plaintiff below, and in excluding the amount paid by appellant to extinguish the mortgage to the Shurtleff College.

In refusing to grant appellant a new trial.

Wm. H. Underwood, for Appellant.

G. Trumbull, for Appellee.

Breese, J. It is not, we conceive, a necessary subject of inquiry here, whether or not the defense set up by the first and third pleas, to which the demurrer was sustained, was permitted at common law. The decisions of the common law courts are not uniform on the point, and a resort to them seems to be unnecessary, inasmuch as our statute allows the defense. The tenth section is in these words: "In any action commenced, or which may hereafter be commenced in any court of law in this State, upon any note, bond, bill or other instrument in writing for the payment of money or property, or the performance of covenants or conditions by the

obligee or payee thereof, if such note, bond, bill or instrument in writing was entered into without a good or valuable consideration; or if the consideration upon which such note, bond, bill or instrument in writing was made or entered into, has wholly or in part failed, it shall be lawful for the defendant or defendants, etc., to plead such want of consideration, or that the consideration has wholly or in part failed, etc., and if it shall appear that the consideration has failed in part, the plaintiff shall recover according to the equity of the case." (Scates' Comp., ch. 73, page 292.)

A part of the consideration for the note sued on, was, that the land sold was free from incumbrances. The pleas allege the fact of the existence of a certain incumbrance by mortgage, which the defendant had to pay and discharge, and thereby extinguish the incumbrance. To the extent then of this incumbrance there was a failure of consideration. *Morgan* v. *Smith*, 11 Ill. 199; *Whisler* v. *Hicks*, 5 Blackford, 100; *Smith et al.* v. *Ackerman*, ib. 541; *Buell* v. *Tate*, 7 id. 54; *Pomeroy* v. *Burnet*, 8 id. 142.

We think too, the defendant, under the pleadings, might have recouped the amount thus paid. *Babcock* v. *Trice*, 18 Ill. 420. There is a natural equity as to claims arising out of the same transaction, that one claim should compensate the other, and that the balance only should be recovered. The damages claimed by the defendant, grow out of the contract for the sale of the land, and present a plain case for *recouping* damages. It is a salutary principle to permit parties to adjust the whole controversy in one action, out of which has grown the doctrine of *recoupment*, and at this day, almost universally applied. The defendant should have been allowed, either under his pleas of partial failure of consideration, or on the principle of *recoupment* under the other pleas, the amount he paid to extinguish the mortgage set out in his plea, and the plaintiff should have had a judgment for the balance only. To enable the defendant to get this allowance, this judgment must be reversed, and the cause remanded.

*Judgment reversed.*