## William T. Baker v. James W. Fawcett et al.

1. DEMURRERS—*Waiver of.*—Pleading to the merits after a demurrer has been overruled amounts to a waiver of the demurrer and an admission that the pleading demurred to states a legal ground of action or defense.

2. GENERAL ISSUE—*Recoupment under Plea of.*—In a suit on notes given for the rent of a tract of land, the tenant may prove, under the general issue by way of recoupment, that the land was not tiled as the landlord represented and that he suffered damages in consequence.

3. PAROL EVIDENCE—*Failure of Consideration of a Note—Other Instruments as Part of the Transaction.*—The provisions of Sec. 9, Chap. 98, R. S., allowing the defense of failure of consideration of a note, has necessarily modified the rule of evidence against varying a writing by parol proof. And the rule must give way not only as to the note, but also as to any other written instrument executed in connection with and forming a part of the transaction out of which the note arose.

4. PAROL EVIDENCE—*To Vary a Written Instrument—When the Rule Against, is Waived.*—The general rule that either party to an agreement, which has been reduced to writing, may insist that the writing alone shall be resorted to, to determine the terms and conditions of the

agreement, may be waived, and is waived, if the parties enter mutually into a contest to establish the agreement by parol evidence.

5.  WARRANTY—*Mere Expressions of Opinion Do Not Amount to.*—To constitute a warranty or to amount to a false representation, it is essential that the statement relied upon must be of some material fact and not merely an expression of opinion.

6.  EVIDENCE —*When Statements as to Condition of Land Are Not Opinions.*—Where a landlord knew where tiling on his land had been placed, the size of the tile and how it had operated, it is not unfair to assume that he knew whether additional tile was required, and therefore not unreasonable to consider his statements, with reference thereto, not as mere expressions of opinion, but as statements of fact, based upon actual known results.   At least the question may properly be submitted to a jury to decide.

**Assumpsit,** on notes for rent.   Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1896.   Affirmed.   Opinion filed December 11, 1896.

## STATEMENT OF THE CASE.

Appellant brought assumpsit against appellees to recover on two promissory notes, each in the sum of $400.   They pleaded the general issue and two special pleas of failure of consideration.   Appellant was given a judgment in the sum of $20, and has appealed to this court.

The first special plea averred that appellant leased certain farming lands to appellee Fawcett for one year, at and for the gross rental of $800, and that Fawcett and appellee Hunter, as his surety, executed the two notes sued upon to secure the payment of said $800; that said appellant stated and promised to Fawcett that the lands so to be leased were tiled wherever it needed it and that said appellee relied upon such statements, and in consideration thereof, leased the lands and executed the notes sued upon, and that said statement as to the tiling was not true; upon the contrary, as appellant well knew, the land was poorly tile drained, and in places where tile was greatly needed was not tiled at all.   Therefore, it was averred, the consideration for said notes wholly failed, except as to the sums of money already paid thereon.

The second plea averred the appellant knowingly, falsely

and fraudulently represented to Fawcett that the lands were well tiled drained, and that appellant then knew such representations were false and fraudulent, etc., and that Fawcett relied upon such statements as being true and leased the land and executed the notes in consideration of the truth of such representations and that such statements were false and that for the lack of tiling, twenty acres of the leased lands could not be cultivated, and the crop of corn upon another twenty acre portion of it was flooded and destroyed and the crop upon another tract of forty acres was damaged because the land was not tiled, etc., to the damage of appellee Fawcett of $1,600, wherefore the consideration paid had failed, etc. Appellant interposed a demurrer to each of the pleas, but the court ruled the demurrers were not well taken and the appellant replied to each plea, in effect denying he warranted the land to be tiled, or made the alleged false representations.

It was agreed by the parties that the note for $400 first falling due had been fully paid. A lease in writing was executed, in which the contract between the parties as to the time of the renting and the amounts to be paid was set out.

A trial before a jury upon the issues resulted in a verdict for appellant in the sum of $20. The plaintiff appealed.

FRANK P. DRENNAN, attorney for appellant.

McGUIRE & SALZENSTEIN, attorneys for appellees.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellant, by demurrer, questioned whether the pleas presented a legal ground of defense to the action.

The court overruled the demurrers and appellant did not abide the issue of law presented by them, but by appropriate replications raised issues of fact and submitted such issues to a jury for decision.

We see nothing to take this feature of the case out of the

general rule that pleading to the merits shall be deemed an admission that the pleas state a legal ground of defense. Shreffler et al. v. Nadelhoffer, 133 Ill. 536; Green & Co. v. Blodgett, 159 Ill. 173.

Moreover, it was competent to prove the facts set forth in the pleas, and damages accruing by force thereof under the general issue by way of recoupment. Babcock v. True, 18 Ill. 420; Schuchman v. Knoebel, 27 Ill. 175.

We do not think the court erred in holding it was competent to prove by parol that appellee was induced to execute the lease by the fraudulent representations of appellant.

The provisions of Sec. 9, Chap. 98, R. S., allowing the defense of failure of consideration of a note, has necessarily modified the rule of evidence against varying a writing by parol proof.

In order to give effect to this statute, the rule must necessarily give way, and, as we think, not only as to the instrument in suit—the note—but also as to any other written instrument executed in connection with and forming a part of the transaction out of which the consideration for the note arose.

The note in the case at bar and the lease were but parts of the same transaction, and for the purposes of the suit, were properly, in view of the statute, regarded by the court as one writing.

Aside from this, no objection was made in the trial court to the introduction of parol proof of the representations of the appellant, set forth in the special pleas, and such objection can not be availed of for the first time in a court of review.

The general rule that either party to an agreement which has been reduced to writing may insist that the writing alone shall be resorted to to determine the terms and conditions of the agreement may be waived, and is waived if the parties enter mutually into a contest to establish the agreement by parol testimony.

In the case at bar neither of the parties objected to the introduction of parol testimony, but each voluntarily pro-

duced and relied upon testimony of that character to maintain his position before the jury.

There was therefore no legal reason or rule of evidence or pleading why testimony thus produced should not have been considered by the jury as applicable to the defense presented by the special pleas that the consideration of the note had failed, or in reduction of the plaintiff's damages by way of recoupment under the general issue if there was a warranty and breach thereof.

The complaint that the court erred in refusing to allow appellant to prove the rental value of the farm is not well grounded.

The argument in its favor ignores the controlling consideration that the parties, as each of them admitted, had agreed upon and fixed the sum to be paid for the use of the land.

Appellee was entitled to enjoy the land at the contract price and if he was entitled to damages because of the breach of other conditions of the contract, such damages should go to the reduction of amount he had agreed to pay. The reasonable rental value was therefore wholly immaterial.

We agree with counsel for appellant that to constitute a warranty or to amount to a false representation it is essential the statement relied upon be in respect of some material fact and not merely an expression of opinion.

The representations in question were as to the manner in which the farm was tiled and drained. The appellee knew where the tiling had been placed, the size of the tile and how the drains had operated. It was not unfair to assume he knew whether additional tile was required and therefore not unreasonable to consider his statements with reference thereto, not as expressions of mere opinion but as statements of fact based upon actual known results. At the least, the question was one within the province of the jury to decide.

It is urged as a general ground of objection to the instructions that they are so framed the jury were authorized to consider remote consequential and speculative damages.

We do not agree that the criticism is justly made, but, as

it is not complained of in the briefs of counsel that any testimony was offered or admitted which tended to establish remote consequential or speculative damages it could not be contended any injury to appellant could have resulted in this respect.

The objection that the proposition of law announced in the second instruction given for the appellee is not the correct one, can not be urged by appellant for the reason he procured the court to declare the same proposition to be the law in the second instruction given in his behalf. We think both instructions were properly given.

It is urged that the fifth instruction lays down an incorrect rule as to the measure of damages. This instruction does not purport to announce any general rule or rules for measuring appellees' damages but enumerates a number of items or elements of damages proper to be considered by the jury if proven, and a case otherwise made for the appellee. The objection made by counsel does not direct our attention to or challenge any particular element or item mentioned in the instruction, and the error, if any there be, has not occurred to us upon inspection of the instruction. The suggestion that the jury might well understand, from the instruction last given to them, that appellee might lawfully be awarded damages in a sum greater than the amount of the plaintiff's claim need not be further noticed than to say that as the jury rendered a verdict for the appellant it is clear they were not misled by any such supposed error in the instructions, if any such error might there be found.

The record contains testimony sufficient to support the judgment. We think no error of law intervened. The judgment is affirmed.